## SUPERIOR COURT.

ROWLAND S. MALLORY agt. REUBEN R. WOOD and CONSTANT H. BROWN.

When a cause is tried by a judge, without a jury, it cannot be referred to the *general term* for its decision *primarily* upon matters of fact or matter of law.

The only mode of obtaining a review of any decision on such a trial, whether during its progress or at its close, is by an appeal under § 348 of the Code

*General Term, Oct.,* 1856.

——— ———, *for motion.*
——— ———, *opposed.*

By the court—HOFFMAN, Justice.   This case was before the court on a former occasion, when a verdict was given for the plaintiff against both defendants upon the contract set forth. Upon a motion for a new trial, the judge at special term decided that there was not the least evidence to charge the defendant Brown with the liability alleged : and he held that the question, whether Wood could be charged separately, or whether there was evidence so to charge him, could not be determined by the court on that application.   A new trial was then ordered.   Upon that trial the plaintiff's counsel, after resting, moved to amend the complaint, so as to make the same conform to the proofs, and to discontinue the suit as against the defendant Brown.   The counsel of the defendant Wood objected ; but the judge granted the motion, and the defendant Wood excepted.   The court thereupon dismissed the complaint as against the defendant Brown, with the consent of the plaintiff's counsel.

The counsel for the defendant Wood moved to dismiss the complaint as against him, upon the grounds stated in the case. The motion was denied, and the counsel for that defendant

duly excepted.   No witness being called for the said.defend-
ant, the court ordered judgment for the plaintiff against him for
the sum of $71.89, subject to the opinion of the court at gen-
eral term, upon a case to be made.

The judgment or order which was in fact entered was as
follows :—

" This cause having been tried by the court, without a jury,
by the consent of the parties, after hearing counsel, &c., it is
ordered, that the complaint in this action be, and the same is
hereby dismissed as against the defendant Constant H. Brown;
and the court order a judgment for the plaintiff for $71.89
against the defendant Reuben R. Wood, subject to the opinion
of the court at general term, upon a case to be made by the
defendant Wood.   And it is ordered that, until the hearing
and decision of the general term upon said case, the entry of
such judgment be suspended; either party to be at liberty to
turn said case into a bill of exceptions."

The counsel of the plaintiff made no objection as to the man-
ner in which the case is brought before the court; and although
the question occurred to the judges, the argument upon the
merits was allowed to proceed.

But we apprehend that the case is not regularly before the
general term at all.   When a cause is tried by a judge, without
a jury, it cannot be referred to the general term for its decision
primarily, upon matters of fact or matter of law.   The former
practice of taking a verdict, subject to the opinion of the court,
and the practice now prescribed by the 265th section of the Code
in trials with a jury, is inapplicable to a case like the present.

The 268th section regulates the course of proceeding in cases
of a trial by the court without a jury.   It is clear that there is
but one mode of obtaining a review of any decision on such a
trial, whether during its progress, or at its close.   That mode
is by an appeal.   Such appeal, by § 348, may be upon the law,
or it may be upon the facts.   The appeal, in the latter case,
terminates with the decision of the general term.   In the former
it may be carried to the court of appeals.  (§ 268.)

The appeal which is thus to be made presupposes a judg-

ment. The judge must determine the issues tried by him absolutely. We are to recollect that a judgment is expressly defined in the Code. "It is the final determination of the rights of the parties in the action." (§ 245.) It must be not merely the judicial declaration of rights of the parties upon the facts, but it must be the final determination of such rights. Everything else—everything which would have been an interlocutory decree or judgment, is to be treated as an order, and appealable under the 349th section, when brought within one of the classes of that section.

In the present case there was no judgment and no appeal. The order suspended the entry of judgment, and left it to the general term to pronounce one in the first instance. This we think was irregular.

In several late cases, (*Brewer* agt. *Irish, Hunt* agt. *Bloomer, and Johnson* agt. *Whitlock,* 12 *How. Pr. R.* 481; 3 *Kern.* 341, 344,) the course of proceeding under the Code, before a judge without a jury, and before referees, is pointed out. The case is to be made, as directed by the 268th section and the 15th rule. But in it the judge is to have inserted his finding of facts and conclusions of law, and he is to settle the same. The exceptions, if any, taken during the trial are also to be contained in the case, with the exception to the decision. Then the record contains the judgment, the appeal, the exceptions of each class, and the evidence material to the questions."

If the respective counsel will consent that a judgment be entered in favor of the plaintiff, and an appeal and exception be entered *nunc pro tunc,* we can proceed to decide it upon the merits: otherwise an order must be entered, that the appeal be dismissed without costs, and a new trial had.