Freedman, J. (concurring).
I concur in the reversal of the judgment for the reasons stated by my brother Curtis.
The defendants also appealed from an order denying their motion for a new trial. The motion was based on the case and exceptions, and it was addressed to a special term of this court, not held by the judge who had tried the case. The grounds of the motion were that the judgment is excessive and contrary to the law and the evidence of the case. Consequently, the object of the motion was to obtain a review on the merits, of the decision of the first judge on a trial of -an issue of fact without a jury. Such a motion is not authorized by law. The mode of reviewing either errors in law or in fact, where the trial is by the court, is entirely distinct from that adopted where the trial *72 is by jury ; and a review of a judge’s decision, on a trial of an issue of fact, can only be had at general term on appeal from the judgment entered upon such decision (Code, § 348; Malloy v. Wood, 3 Abb. Pr. 369; Watson v. Scriven, 7 How. Pr. 9; Burnett v. Phalon, 4 Bosw. 622).
The only apparent exceptions, for there really are none, are:
I. If, under section 267 of the Code, .upon motion by either party, to a general or special term, it shall be made to appear that the decision of a single judge is unreasonably delayed, the court may make an order-absolute for a new trial, or may order a new trial, unless the decision shall be filed by a time to be specified in the order.
II. Where the decision filed under section 267 does not authorize a final judgment, but directs further proceedings before a referee or otherwise, either party may move under section 268 for a new trial at general term.
The case before us does not fall within either of these exceptions, and the order appealed from should therefore, be affirmed with costs.
Judgment reversed and a new trial ordered, with, costs to appellants to abide event.
Order affirmed, with costs.