## SUPREME COURT.

### WATSON AND ANOTHER agt. SCRIVEN AND OTHERS.

As the Code now stands (amendment of 1852) two modes of proceeding to obtain a review of a trial, are prescribed. The one is applicable exclusively to trials by jury; the other to trials by the court or by referees. They are entirely distinct from each other.

In the case of a trial by jury, the review must first be had *before* judgment at the circuit or special term, for a new trial; and this decision may be reviewed on appeal at the general term.

In the case of a trial by the court or referees, either upon questions of fact or of law, no review can be had until *after* judgment, and then only upon appeal under § 348 of the Code.

2

*Albany Special Term, May* 1852. *Motion to stay proceedings, &c.* The action is upon a promissory note. The defendants are makers and endorsers. The referee to whom it had been referred, made his report in favor of the plaintiffs on the 9th of April. The defendants have made a case, which has been duly settled, and they now move for a stay of the plaintiff's proceedings upon the report, until they can make a motion to set aside the report of the referee.

Otis Allen, *for Plaintiffs.*

S. Stevens, *for Defendants.*

Harris, Justice.—This motion involves the inquiry, how the decision of a referee may be reviewed. On the one hand, it is supposed that a motion to set aside the report may be made before judgment, as under the former practice, while on the other, it is contended that the review can only be had upon appeal from the judgment. In the former case, the review would be had at a special term; in the latter at a general term.

As the Code is now amended, two modes of proceeding to obtain a review of a trial are prescribed. The one is applicable exclusively to a trial by jury. The other to trial by the court, or by referees. These modes of proceeding are entirely distinct, each from the other. In one, the review is had *before* judgment. In the other, it can only be had upon appeal *after* judgment. A brief notice of each mode of proceeding may be useful.

*First,* in respect to trials by jury. The 265th section of the Code provides that where a special verdict has been found, or the cause has been reserved for argument or further consideration, the application for judgment must be made at a circuit court or special term. The decision upon such application can only be reviewed upon appeal under the 348th section. When there has been a general verdict, the motion for a new trial must also be made at the circuit or a special term. The motion may be made upon the minutes of the judge, if made at the same circuit at which the trial was had, and, afterwards, upon a case or exceptions. The decision upon such a motion may be reversed upon appeal under the *second* subdivision of the 349th section. When the motion for a new trial is founded upon exceptions

taken at the trial, or a verdict has been taken subject to the opinion of the court, the judge who tried the cause may dispense with the hearing at a circuit or special term, and order that it be argued, in the first instance at a general term. In that case no appeal is necessary. The general term is authorized to render judgment.

Besides the appeal, *before judgment*, from the decision at the circuit or special term, granting or refusing a new trial under the *second* subdivision of the 349th section, an appeal, *upon questions of law*, may be taken, *after judgment*, under the 348th section.

*Second*, in respect to trials by the court and by referees. The 268th section of the Code declares that questions, whether of fact or of law, arising upon a trial by the court, can only be reviewed in the manner prescribed in that section—that is, upon an appeal to the general term under the 348th section. For this purpose, when a review upon questions of law is sought, exceptions are to be taken within the time prescribed and a case prepared and settled. The case and exceptions are to form a part of the judgment roll. The mode of review upon questions of fact, is the same as upon questions of law. The only difference is, that, in the former case, the decision of the general term is final, while in the latter, another appeal may be brought to the Court of Appeals. The 272d section prescribes the same practice in all respects, where a review of the decision of referees is sought.

From this examination it follows that no review of a trial by the court or referees, either upon questions of fact or of law, can be had until after judgment, and then only upon appeal brought, in pursuance of the 348th section of the Code. The defendants' motion, therefore, should be denied. Having made a case and procured its settlement, it will become a part of the judgment roll. When the judgment is perfected, the defendants will be at liberty to appeal, and that appeal will bring up for review, at the general term, all the questions, whether of fact or of law, presented by the case. Neither party should have costs upon this motion.