By the Court. Slosson, J.
In this case the plaintiff having recovered a verdict, I allowed the defendants time to make a case, but with privilege to the plaintiff to enter his judgment as security.
One of the defendants, originally, was Henry Laverty, second endorser of the note sued upon, who answered the complaint and died before trial, and the suit was continued under § 121 of the Code against his executrix.
A motion is now made—
I. (By all the defendants) that the order made by me, so far as it allows the plaintiff to enter his judgment, be vacated, on the supposition that after judgment it is too late to move for a new trial on the ground of the verdict being against evidence.
II. (By the executrix of Laverty) that she be exempted from costs.
I. The entry of the judgment in this case, does not prejudice the motion for a new trial on the ground of the verdict being against evidence. (Rule 8, Superior Court.) The terms of the rule plainly imply that such motion may be made, notwithstanding the entry of judgment, and we find nothing in the provisions of the Code inconsistent with it.
II. It is contended on the part of Mrs. Cattell, executrix of Laverty, one of the defendants, that she is not liable for costs.
She contends that the provisions of § 41, tit. 3, ch. 6, 2d part R. S. are applicable to her case.
The only clause in that section which can he urged as having any application is the following:—“ ¡Nor shall any costs be recovered in any suit at law against any executors or administrators, to be levied of their property or of the property of the deceased, unless it appear that the demand on which the action was founded was presented within the time aforesaid (see § 34), *671 and that its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same pursuant to the preceding provisions, in which cases the court may direct such costs to be levied of the property of the defendants, or of the deceased, as shall be just.”
This section occurs in the article entitled “ Of the Duties of Executors and Administrators in the Payment of Debts and Legacies,” and should be taken in connexion with the other sections in that article m pari materia, all which manifestly relate to claims existing, but not in suit, at the time of the testator or intestate’s death, and not to those in respect to which suits' had been commenced against the testator in his lifetime.
We think, moreover, that the very language of the clause in . question suggests the same construction. A suit “ against an executor or administrator,” imports a suit instituted against such party; and when, in addition to this, the section speaks of the demand on which the action is founded as one which may have been presented within the six months prescribed by the executor’s notice, and which the executor may have refused to refer, or neglected, after such presentment, to pay, the inference seems conclusive, that the section only contemplated claims not put in suit at the time of the testator’s death.
Apart, however, from this natural import of its general phraseology, the provision in question is in terms confined to costs in suits at law against executors or administrators. How, before the Code, a suit at law, like the present, commenced against the testator,' would have abated on his death, the cause of action not surviving against the other defendants, and his death occurring before verdict. (2 R. S. 483, §§ 1 and 3).
This section, therefore, could never have been intended, originally, to apply to a case like the present. .
Then, is the result varied by the circumstance, that under the Code the distinction between legal and equitable remedies no longer exists %
I do not see upon what principle the abolition of this distinction is to have the operation of giving an entirely different meaning to those provisions of the E. S. in which that distinction is recognised, and which create liabilities or secure rights on the theory and assumption of this very distinction.
*672 There is another consideration not to he lost sight of. The principle upon which executors are ever chargeable personally with costs, or upon which, before the Code, the estate was chargeable with the same, is the misconduct of the executors, and this rule could only be applied in actions commenced by or against them. In actions commenced by or against a deceased party, the laches or fault, if any, either in the prosecution or defence, would be committed by himself; and though he die in the progress of the suit, and it be revived against his representatives, there is no reason why his estate should not bear the costs of his default, nor any reason why his executor, a mere substituted party, and not chargeable with, saor in a condition to commit, the laches or default, which is punishable with costs, should come in and claim the benefit of those statutory provisions which were enacted solely for the protection of that class of persons when innocent of malconduct in respect to the prosecution or defence of the claim in suit.
There is a provision in the Code, § 317, which relates to this subject, and was referred to on the argument. It embraces not only executors and administrators, but “ trustees of an express trust, and persons expressly authorized by statute to sue or defend,” and makes them all liable to costs equally as parties prosecuting or defending in their own right, to be levied out of the estate or trust fund, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defence. By the second clause, however, it is provided that the section shall not be construed to allow costs against executors or administrators where they are now exempted therefrom by the section (41 of the R. S.) in question, and this reservation is much relied on by defendant’s counsel. The effect of this saving clause is, in our judgment, to leave the question as respects executors and administrators, in cases like the present, exactly where it was under the revised statutes, except that it adds the case of mismanagement and bad faith on the part of the executor in prosecuting or defending the action, to the instances in which costs may, by the R. S., be charged on them personally. The defendant, therefore, gains nothing by this section of the Code. *673 It is true, it recognises the provisions of section él of the R.- S., but only to preserve them in their integrity, and not in a way to impress upon them a new or any other meaning or construction than they had when first enacted.
We think the question is against the executrix in this case. She stands in the action as a mere substituted party in the place of Laverty, against whom the suit was instituted, and who had actually answered the complaint before his death. The action, which, but for the Code, would have abated by the death of Laverty, is, under the provisions of the latter, revived, or continued, by substituting her as a party in his place, and to represent him.
The effect of such revival, under § 121 of the Code, of an action which would formerly have been purely legal, is the same as that of the revival of an old equity suit against the representatives of a deceased defendant. It is a continuance of the same suit. Such representatives were allowed eighty days after service of the order of revivor upon them, within which to appear and answer or disclaim; in default of doing which, their appearance was entered by the court, and the answer of the deceased stood as the answer of. his representatives. Even an injunction did not fall by the abatement. (Legget v. Dubois, 2 Paige, 211; 2 R. S. 184, &c., old paging.) I am not aware that in an equity case thus revived the complainant lost his costs as against the estate of the decedent.
On the whole, we think the motion should be denied in both its branches. If desired, a clause may be inserted that the order is to be without prejudice to the defendant to move for a new trial, on the ground of the verdict being against evidence.
As both questions are somewhat novel, no costs of the motion should be allowed.