## SUPREME COURT

THOMAS C. TAYLOR agt. DAVID R. HARLOW and SANFORD A.
PIERSON.

A party is not entitled to a *new trial* on the ground of *surprise*, because the
opposite party and his counsel, on the trial, led him to believe that certain facts
material to the defence would be admitted, or not disputed; and by reason
thereof he did not introduce any evidence upon such facts.

So long as the conduct of the opposite party and his counsel, in the matter, is free
from fraud or positive stipulation, it forms no ground for a new trial, although
it might have misled. It is a course the party, misled, volunteered to pursue.

Under the Code, as it now reads, a judge at the circuit has no authority for
sending a cause on a *case* to the general term *before judgment.*

There are but two instances where a cause tried before a jury can be taken to
the general term before judgment: *First,* Where *exceptions* are taken, the
judge may, at the trial, direct them to be heard, in the first instance, at a
general term, and judgment must there be given. *Second,* Where, upon the
trial, the case presents only questions of *law,* the judge may direct a verdict
subject to the opinion of the court at general term, where application for judg-
ment must be made.

In all other cases, judgment must be entered in conformity to the verdict at the
circuit, on the direction of a single judge. (*Code,* § 264.)

And *motions for a new trial,* on a case or exceptions, or otherwise, must, ex-
cept as above stated, in the first instance, be heard and decided at the circuit,
or special term. (*Code,* § 265.

*Saratoga Special Term, June,* 1855.

MOTION for a new trial.

This action was brought to trial before à jury at a circuit
court held in Saratoga county in June, 1852, and a verdict or-
dered for plaintiff, subject to the opinion of the court on a case—
cause to be argued and application for judgment to be made, in
the first instance, at general term. A case was made and the
cause argued before the general term, where judgment was
pronounced for the plaintiff. The defendants, upon the case,
and upon affidavits, now move for a new trial.

GEORGE G. SCOTT, *for motion.*
C. S. LESTER, *opposed.*

JAMES, Justice. In actions tried before a jury, motions for a new trial, when not made before the judge holding the circuit, must be heard upon a case or exceptions, except for irregularity, surprise, or newly-discovered evidence. (*Code,* §§ 264, 265.) This motion is founded upon both a case and affidavits. The motion is presented in two aspects. *First,* a new trial is asked on the ground of surprise; and, *second,* because the action is in such a position that the defendants cannot take it to the court of appeals.

Under the first head, it is claimed that the conduct of the plaintiff and his counsel on the trial was such as to mislead the defendants in their defence, and prevent them from introducing evidence fully to prove and establish it, by inducing them to believe that certain facts, upon which the case ultimately turned, were not to be denied or disputed. Such circumstance, if true, affords no ground for a new trial. A party is not unfrequently misled, by the conduct of his opponent or counsel, during the progress of a cause; and so long as the same is free from fraud or positive stipulation, I am not aware of its ever having been made a ground for a new trial.

In the case of *Beekman* agt. *Bemus,* (7 *Cow.* 29,) after the plaintiff had rested his cause, the defendant's counsel called a witness to the stand and had him sworn, but on an intimation from the court favorable to the defendant, the counsel forbore to examine the witness or introduce further testimony, although urged by his client to go on with the proofs. The jury found for the plaintiff. It was held that this was no ground for a new trial. No testimony had been excluded by the judge; and when the counsel consented to be satisfied with the impressions of the judge upon questions of fact, instead of the verdict of the jury, he assumed the responsibility of a decision in his favor, and disappointment in the result affords no ground for a new trial. So in this case: if the defendants chose to rest the proof of the facts of their case upon the conduct of the plaintiff or his counsel, instead of upon actual testimony, or open admission; or if, from plaintiff's conduct, the defendants were led to sup-

Taylor agt. Harlow and Pierson.

pose the plaintiff had not, nor would not, discover the weak points in their case, an adverse result furnishes no ground for a new trial. The testimony was known, and the witness in court: their course was taken after due deliberation; and the defendants must abide the consequence of their omission.

Under the second head the defendants insist that a new trial should be granted, because the action is now, in a position where it cannot be taken to the court of appeals, that court having determined that it will not review exceptions taken to the decisions of this court made at general term; (2 *Com.* 98, 189; 4 *Selden*, 133;) and the defendants ask favorable consideration, as, they allege, they were misled in the practice, and prevented from taking exceptions on the trial, by the direction of the court in ordering a case to be made, and sending the cause to the general term for judgment.

Under the Code, as it now reads, the judge at circuit has no warrant for sending a cause on a case to the general term before judgment. There are but two instances where a cause tried before a jury can be taken to the general term before judgment. In those instances the general term may pronounce judgment in the first instance, from which appeals may be taken to the court of appeals upon exceptions to such determination, (*Code*, §§ 265, 333, 11,) and this, too, without in any wise conflicting with the cases in 2 *Com.* and 4 *Selden* above cited. Those cases both arose before the amendments of 1851 and 1852 to the Code, and when there was no authority for entering judgment, in the first instance, upon an order of the general term.

The instances where such judgment may now be entered are, *first*, " where exceptions are taken, the judge trying the cause may, at the trial, direct them to be heard, in the first instance, at a general term, and judgment in the meantime suspended; and in that case they must be there heard in the first instance, and judgment there given." (*Code*, § 265.) *Second*, " where, upon the trial, the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at a general term, and in that case the application for judgment

Taylor agt. Harlow and Pierson.

must be made at the general term." (*Code*, § 265.) In all other cases, judgment must be entered in conformity to the verdict at the circuit, on the direction of a single judge ; (*Code*, 264 ;) and motions for a new trial on a case, or exceptions or otherwise, must, except as above stated, in the first instance, be heard and decided at the circuit or special term; (*Code*, § 265 ;) from which, after judgment, an appeal may be taken to the general term. (*Code*, § 348.)

Under the amendments of 1851 to the Code, "motions for a new trial on a case, bill of exceptions, &c., might, by an order from the judge holding the circuit, be heard, in the first instance, at general term. As this action was tried very soon after the amendments of 1852 went into effect, it may be that the change of practice in this respect had escaped the attention of the judge holding the circuit, and that he intended the court at general term should pass upon all the questions made by the case ; but from the order made at the circuit, and the affidavits used on this motion, I am convinced that, on the trial, the case presented only questions of law, arising upon the validity, effect and extent of the receipt put in evidence by the defendants. If so, it was a case which might be sent direct to the general term, where judgment might be pronounced in the first instance, and from which exceptions might be taken, and the cause carried to the court of appeals.

The defendants' embarrassment has arisen from the manner in which the case was made up and settled—presenting questions of fact as well as law. Such a case, I think I have shown, could not be sent to the general term for judgment in the first instance. And I am quite certain that, sitting at special term, I ought not to review the adjudication of the general term, even upon a case not properly before it, but which has been there heard without objection from either party.

For this reason the motion must be denied.