## SUPERIOR COURT.

### EDWARD P. FRY, Respondent agt. JAMES GORDON BENNETT, Appellant.

Where an *order* is made and entered denying a motion for a new trial, and *judgment* is entered in the action in favor of the successful party, and an appeal in due form is brought by the opposite party from the *judgment* thus entered; such appeal does not authorize a review of the order denying a new trial.

Two appeals in such case are necessary, and although it may not be irregular to include both appeals in the same notice, it is authorizing an appeal where none has been taken, to allow an alteration or amendment of the *notice of appeal from the judgment*, so as to embrace both appeals, and it can no more be done than a new and separate notice can be permitted. And this is so although the party *intended* in good faith to appeal from and review the order denying a new trial.

The court have no power to extend the time within which an appeal may be taken. (HOFFMAN, *J., dissenting*.)

The court are not authorized to do indirectly under color of amendment, what they may not do directly.

A notice of an appeal from an order when actually given in due season, if there be particular defects therein which do not destroy its substantial character, may be amended, and so of an appeal from a judgment.

But where a notice of an appeal from a judgment has been given, in all respects perfect and containing nothing more, the court may not allow an amendment so as to make the appeal also an appeal from an order denying a new trial after the time for appealing from such an order has expired.

Nor does the fact that the respondent on such appeal appears and argues some points, which properly belong to a motion for a new trial, waive any notice of appeal from the order denying a new trial; nor does such appearance give the court jurisdiction to reverse such order.

*New - York, Special Term, April,* 1858.
MOTION to amend notice of appeal.

B. GALBRAITH, *for appellant.*
F. R. SHERMAN, *for respondent.*

WOODRUFF, Justice.    A verdict for the plaintiff on the trial of this action, was found by the jury on the 31st day of May, 1856. Before judgment thereon was entered the defendant moved at special term for a new trial. This motion was denied. The order denying a new trial was entered on the 13th

day of April, 1857. The affidavit of the plaintiff's attorney shows that a copy of the order denying such motion for a new trial, was served on the defendant's attorney on the same day, April 13th.

Thereafter, on the 25th day of April, judgment was entered on the verdict, and it appears by the affidavit referred to, that written notice of the judgment was on the 27th day of April, served on the defendant's attorney. On some day thereafter, a notice of appeal from the judgment was served by the defendant's attorney. When this notice was served does not appear; it bears no date, and the affidavits submitted do not disclose the time of service. The cause was brought to argument on the appeal at the December general term, 1857, and the court now have the appeal under consideration. The counsel upon the argument of the appeal, submitted points and argued questions which it is now suggested could not properly be considered on an appeal from the judgment, but only on a motion for a new trial or an appeal from the order on such motion.

The appellant now applies by motion to amend his notice of appeal, so that the same shall be not only an appeal from the judgment, but also "from the order denying the motion for a new trial," averring that he intended to appeal from the last named order, and supposed that he had done so; that in truth no argument was had upon the motion at the special term, it being the understanding that the motion would be argued on the appeal from the judgment.

I. It is conceded upon this motion that an appeal from the order denying a new trial was necessary in order to bring such order under review. And this is, I apprehend, the settled rule prescribed by the Code, (§ 348,) and affirmed by repeated decisions. (*Hastings* agt. *McKinly*, 3 *C. R.* 10; *Marquart* agt. *La Farge*, 5 *Duer R.* 559.)

. II. The notice of appeal in this case is simply and only from the judgment. There was *no* appeal from the order refusing a new trial. All that is averred is an *intent* to appeal therefrom, and a mistaken supposition that the appeal from the judgment was an appeal from the order also. The case is not,

therefore, one in which a notice of appeal from the order was given, which is defective in some particular which might be amended, but I am asked by this motion to allow an appeal which by mistake of the defendant's attorney has never been taken. It would be a misnomer to call this an amendment. The notice served is complete in itself and in proper form to effect all that it purports; it is a proper and regular appeal from the judgment. For the purpose which the appellant has in view, two appeals were necessary, and although it may not be irregular to include both appeals in the same notice, it is authorizing an appeal where none has been taken, to allow an alteration of the notice which has been served so as to embrace two appeals instead of one, and it can no more be done than a new and separate notice can be permitted.

III. The case made by the papers submitted, do not warrant the treatment of this motion as an application to *amend*, not only for the reason above mentioned, which I deem entirely conclusive, but also because it does not appear that any notice of appeal was served within thirty days after the service of the order refusing a new trial, viz: April 13th, 1857. If the time for appealing from the order had expired before any appeal was taken, then there could be nothing to amend. And the appellant has failed to show on this motion that any notice of appeal was given within the time limited, so that whatever his intentions may have been, he has for aught that appears, suffered the time for appealing to pass.

IV. The motion, therefore, presents the question whether the defendant may be permitted to appeal after the time for an appeal limited by section 332 of the Code has expired?

I feel constrained to decline the consideration of the circumstances to which my attention is called by the papers submitted, which in the view of the defendant's counsel should influence me, if this motion were addressed to my discretion; because I am satisfied I have no power to permit an appeal after the thirty days prescribed by section 332 have expired. Not only so, in my opinion an appeal taken after the lapse of the thirty days would not give jurisdiction to the general term.

The question whether the court can extend the time to appeal has been much discussed, and the decisions are contradictory. The power is alleged to be conferred by section 173 (now 174) of the Code as amended in 1849, and to be embraced in the authority to allow, "an answer or reply to be made or other act to be done, after the time limited by this act." The connection in which these words stand, indicates to my mind that they contemplate an act in the progress of a cause before judgment.

The next clause provides for relief from a judgment, &c., and the last for conforming proceedings actually taken to the requirements of the Code. Without entering at length into the discussion, I feel compelled to say that the court can no more allow an appeal after the time limited in express and absolute terms has expired, than they can allow a suit to be prosecuted and maintained after the time limited for commencing actions by chapter 4th has elapsed, and none I believe have gone so far as to hold that section 174 will warrant any such extension of the time limited for bringing suit.

"*Interest reipublicæ ut sit finis litium,*" and the wisdom of this maxim has been recognized ever since we had existence as a state, and it has been shown not only in prescribing a time within which actions should be commenced after the cause accrued, as also in limiting the time within which appeals from final judgments might be prosecuted. I cannot and do not believe that the legislature, by the somewhat loose expression above quoted, intended to abrogate so wise a restriction and submit to the mere discretion of any court to say whether the party should be permitted to appeal, however long the period might be since the litigation was apparently ended, or should be permitted to prosecute, however long the period since the alleged cause of action arose.

The language of the 174th section is satisfied without giving it so comprehensive a meaning, and making it substantially repeal absolute restrictions specifically employed, and in my judgment too important to be overruled, unless the intent of the legislature is more clearly manifested. On this question the conflicting decisions which have been examined by me,

may be found arrayed on either side of the question, as follows, viz : In support of the power to allow the appeal after the time has expired. (*Traver* agt. *Silvernail*, 2 *Code R.* 96 ; *Crittenden* agt. *Adams*, 1 *Code R. N. S.* 21 ; *Seely* agt. *Prichard*, 3 *Duer R.* 669 ; 12 *Leg. Obs.* 245 ; *Haase* agt. *The New-York Central Railroad Company*, 14 *How. Pr. R.* 430.)

And to the contrary are *Renoul* agt. *Harris*, (2 *Code R.* 71, 2 *Sandf. R.* 641,) decided before the amendment of the Code referred to ; *Enos* agt. *Thomas*, (1 *Code R. N. S.* 67, 5 *How. Pr. R.* 361 ;) *Rowell* agt. *McCormick*, (5 *How. Pr. R.* 337 ; 1 *Code R. N. S.* 73 ;) *Lindsley* agt. *Almy*, (1 *Code R. N. S.* 139 ;) *The People* agt. *Eldridge*, (7 *How. Pr. R.* 108 ;) *Sherman* agt. *Wells*, (14 *id.* 522.)

An attentive examination of these cases, confirms my previous convictions that I have no power to grant the present motion. I do not overlook the fact that this court in general term have otherwise decided in the case in 3 *Duer*, above mentioned. If the matter stood before me under the authority of that case unimpaired by any authoritative expression of opinion, it might be my duty to yield my own opinions and follow that case; but since that decision, the case of *Humphrey* agt. *Chamberlain*, came before the court of appeals, (1 *Kernan R.* 274,) and although the jurisdiction of that court is so restricted that the error could not be reached by the appeal to that court, there was a clear and unqualified expression of opinion that the supreme court had no power to extend the time to appeal. The opinion is given as the opinion *of the court* without any qualification or dissent. Under such circumstances, if I am not *bound* by that opinion, (and that is by no means clear,) I am certainly at liberty to follow it when my own convictions concur therewith, notwithstanding a decision of our own general term made before the decision in the court of appeals was announced.

The motion must therefore be denied for want of power to grant it.

In settling the order made on the foregoing motion on a representation that the papers did not represent all the facts

truly, leave was given to renew the motion. Whereupon, upon further affidavits, such motion was renewed. The further facts appear in the opinion which was pronounced on the renewal of the motion.

*Special Term*, *June*, 1858.

: WOODRUFF, Justice. This case was before me in April last, on a motion for leave to amend the notice of appeal from the judgment, so that it should also be made an appeal from the order denying a new trial. That motion I felt constrained to deny for want of power to grant it.

Leave having been given to renew the motion, it is again brought before me upon further affidavits. I find no reason to change the opinion which I expressed upon the former motion, and my opinion then given must, therefore, be taken as my opinion upon the present motion, modified only by the suggestion which follows. It is now claimed by the defendant, that he sufficiently shows that the order of the special term denying a new trial, has never been served on him, or that he has never been served with written notice thereof, and therefore that his time for appealing from that order has not yet expired; that his taking the order itself as settled and signed by the judge before it was entered by the plaintiff, his causing it to be printed as part of his case on the appeal from the judgment, and whatever other actual notice he may have had of the order are not sufficient without a written notice served by the plaintiff's attorney, to limit the time for appealing.

I do not deem it necessary nor proper to pass upon that question here. For the purposes of the present motion, it must suffice to say, that such a state of facts constitutes no reason for *amending* the notice of appeal which was served. If the defendant's time for appealing has not expired, (by reason of the omission of the plaintiff to serve notice of the order,) then the appeal which the affidavit states the defendant has taken on the 25th day of May instant, (since the decision made by me

Fry agt. Bennett.

of the previous motion,) will avail the defendant, and no amendment of his original notice of appeal is necessary. And on the other hand, if the actual facts shall be deemed tantamount to the written notice of the order contemplated by the Code, so that the time to appeal from the order has expired, then the views expressed by me on the former motion constrain me again to deny the motion to amend, unless I can allow an *intention* to appeal to have the effect of an actual appeal defectively taken or notified. It now appears that the notice of appeal which was given was served within thirty days after the denial of the motion for a new trial, (a fact which was not shown on the former motion.)

But the notice given was in no respect defective or imperfect. It was an appeal from the judgment, and nothing else, and in my former opinion I have given my reasons for holding that a mistaken supposition that such an appeal was also an appeal from the order, though coupled with an *intent* to appeal from the order, would not warrant an alteration of the notice, which in substance and effect was making it a new appeal. The motion must therefore be denied. The former motion was denied without costs, but it is the practice when a party renews a motion under leave given, after one denial, to impose costs if he be again unsuccessful. The denial here must, therefore, be with $7 costs.

From the order so made, the defendant appealed to the general term. The appeal was argued at the June term, 1858.

---

*General Term, June,* 1858.

*Before* BOSWORTH, HOFFMAN, SLOSSON, WOODRUFF *and* PIERREPONT, *Justices.*

APPEAL from order at special term, denying motion to amend notice of appeal.

By the court—WOODRUFF, Justice. The court have no power to extend the time within which an appeal may be

taken. The court are not authorized to do indirectly under color of amendment what they may not do directly. A notice of an appeal from an order when actually given in due season, if there be particular defects therein which do not destroy its substantial character, may be amended. And so of an appeal from a judgment.

But where a notice of an appeal from a judgment has been given in all respects perfect and containing nothing more, the court may not allow an amendment, so as to make the appeal also an appeal from an order denying a new trial, after the time for appealing from such order has expired, and so in substance and effect allow a new appeal.

An appeal from a judgment does not bring before the general term for review an order denying a previous motion for a new trial. To bring such an order under review, an appeal from the order is necessary. These conclusions embraced in the opinions given at the special term, on denying the motion upon which the present appeal arises, we now affirm. (Mr. Justice HOFFMAN, however, dissenting from our conclusion that the time to appeal to the general term cannot be extended.) It is not deemed necessary here to refer to the reasons which were there given, for the purpose of either repeating or reviewing them. But one ground for allowing an amendment in this case, or in the alternative permitting the defendant to file and serve a notice of appeal *nunc pro tunc*, is now urged upon our attention, which although the facts relied upon appear on the papers, was not prominently presented at special term, nor discussed in the opinions there given.

It is insisted by the defendant, that the omission to file or serve a notice of appeal, has been waived in such wise that the plaintiff cannot now allege the defect, and that it is, therefore, proper to allow either an amendment or the filing of the notice *nunc pro tunc*, to the end that the record may conform to the actual condition of the cause before the court; that the general term has actual jurisdiction of the appeal *as an appeal from the order denying a new trial,* by the appearance of the respon-

dent and arguing the appeal, not only as an appeal from the judgment, but also *as an appeal from the order.*

Whether, when *no appeal* has in fact been taken, but the parties nevertheless appear before the general term, present a case purporting to be a case or exceptions on appeal, and argue the matters arising thereon, avowedly and unequivocally as an appeal, they should not be held concluded thereby, we do not think it necessary in this case to decide. There are strong reasons for holding that an appearance on appeal and an actual argument and submission of the questions arising upon the case to the court, without raising the objection that no appeal has been taken, is a submission to the jurisdiction of the general term, and operates to confer jurisdiction as fully as if a formal appeal had been taken by filing and serving written notice thereof. It is, however, not too much to say, that the assertion of jurisdiction by the general term, in the absence of any actual appeal, should proceed upon acts of the respondent unequivocal in their character, and either indicating an intentional assent thereto, or being at least plainly inconsistent with a claim that no such appeal is pending.

The allegations on the part of the defendant here, upon which it is claimed that there has been a waiver of an actual notice of appeal, and a submission to the jurisdiction of the court, are mainly as follows : That there was no argument of the motion for a new trial at the special term, but that there was an understanding and agreement between the attorneys and counsel for both parties that the motion should be denied *pro forma* and the whole matter considered at the general term. That the case made herein and used at the hearing in the general term contained all the evidence in the cause, and was thus prepared with a view to the discussion of all questions which the defendant's counsel might wish to raise on a motion for a new trial. That the counsel for the parties respectively did insert in their points used on the argument of the appeal from the judgment, grounds for granting a new trial, which could with propriety be only urged on such a motion, and could not properly be considered on an appeal from the judgment only.

In relation to the first of the defendant's allegations, above in substance recited, the attorney for the plaintiff by his affidavit denies that there was any understanding or agreement of any kind between the parties than what is contained in the order itself, which denies the new trial.   That order after reciting the motion and the grounds on which it was moved, denies the motion as " upon hearing counsel," and gives to the plaintiff liberty to perfect his judgment.   It then provides that if the defendant *appeal from the judgment* within thirty days, such appeal shall operate as a stay of proceedings on such judgment pending the appeal.   This order, if it throws any light upon this subject at all, indicates rather that no intent to pursue the matter as a motion for a new trial was entertained; and the defendant's attorney states in his affidavits, that the order was prepared by the defendant's counsel himself.   So far as the order suggests anything, it is that an appeal from the judgment only was then contemplated.   And in this direct conflict of affidavits, we do not find ourselves called upon to say that it is clearly shown that there was an agreement or understanding, such as is alleged on the one hand and denied on the other.

The case used on the argument of the appeal, no doubt contained all the evidence taken on the trial—that is not denied—no doubt the case as prepared for the purposes of the motion for a new trial, was printed without alteration, for use on the appeal to the general term ; but when we recollect that however inconvenient and improper, it is a very common practice with a large portion of the attorneys at this bar, to present cases on appeal from the judgment, in the same form as here exhibited ; and more especially, when we observe that there are in this case eighty-two exceptions, to the proper understanding and consideration of many of which, large portions of the testimony were essential, we think no great weight can be given to the circumstance that all the evidence was printed and furnished to the court on the argument of the appeal.

The remaining consideration is, that the counsel presented points on both sides, which could only be properly argued on

a motion for a new trial. On the part of the appellant, out of forty-three points presented, three are found of this description. On the part of the respondent one is found, to wit: that the damages are not excessive. But it is to be observed that in the opening statement of the case as printed on his points, the respondent's counsel states explicitly that the cause "*now* comes before the court upon a case *upon an appeal from the judgment.*"

On the other hand, it is quite clear, that the respondent nowhere suggests on his printed points, that the questions whether tne verdict is against evidence, or whether the damages are excessive, were not open to discussion on the appeal. It seems to us upon an examination of the points, in a high degree probable, if not quite clear, that the parties both supposed that all the points presented, might properly be discussed on the appeal then under argument.

But we are not prepared to establish deliberately by precedent, that if on an argument of an appeal from a judgment, a point is discussed without objection, which is not raised thereby, the appeal shall be thereby deemed modified, or that if a respondent's counsel places on his own points one in answer to the appellant, which is only pertinent to a motion for a new trial, that he thereby consents that the appeal be deemed converted into an appeal from an order denying such a motion. We know that such mistakes, usually founded in an erroneous apprehension of the subject, and sometimes from uncertainty in the mind of counsel, as to what questions the court will feel at liberty to consider on an appeal from the judgment, are of frequent occurrence. Probably not a term has passed since the Code of Procedure was adopted, in which more than one example of this description has not been exhibited. And when the court have had the notice of appeal before them, it has been very common, upon receiving the printed points, to call the attention of counsel to the distinction, and to pass over all points which are not addressed to the exceptions taken on the trial of the cause, or to the judgment rendered.

Upon a review of the affidavits submitted, and an examina-

tion of the points used, it seems to us quite probable that the counsel on the part of the appellant, intended to raise by the appeal the question whether the verdict was against evidence and whether the damages were excessive, and hardly less probable that the respondent's counsel supposed that those questions might properly be considered on an appeal from the judgment. But it is to be noticed that there was here an actual appeal pending that was an appeal from the judgment, and not an appeal from an order denying a new trial. The appearance of the respondent was in fact, an appearance to answer to the appeal which had in truth been taken; appearance, noticing the appeal for argument, and appearing in court to argue, and actually arguing the appeal, all these or any of them, neither expressly nor impliedly, admitted that any other appeal in the cause was pending than an appeal from the judgment, nor gave the court jurisdiction of any other appeal. This is by no means the case above referred to, in which an appearance when no formal appeal had been taken, noticing it for argument, appearing in court and actually and professedly arguing the matter as an appeal, it is suggested might be deemed a waiver of notice of appeal.

But in the circumstances of this case, the question comes down to the naked inquiry whether if a respondent comes into court, with the statement at the outset that the cause comes before the court on an appeal from the judgment, and yet besides discussing numerous exceptions that are properly to be considered, argues a question whether the damages are excessive or the like, or permits the adverse party to argue among others, similar questions; he is to be deemed thereby to waive any notice of appeal from the order denying a new trial, and to give the court jurisdiction to reverse that order. We do not feel at liberty so to hold.

The order appealed from, must be affirmed.

HOFFMAN, Justice, *dissenting.*—I fully concur in the denial of the motion to dismiss the appeal taken on the 25th of May, 1858, from the order of the 13th of April, 1857, denying a new

trial. But the decision of the appeal from the order of special term, made on the      day of May, 1858, involves the question whether the court has any power to extend the time for taking an appeal from an order or judgment, or to give liberty to take it after the time prescribed in the Code has expired ?

Upon this question I am compelled to differ from my brethren ; and this is one of the few cases in which a deep rooted opinion upon a point of great and permanent practical consequence, appears to demand the expression of that dissent. I do not consider, and I believe it is not claimed that the opinion expressed in *Humphrey* agt. *Chamberlain*, (1 *Kernan*, 274,) controls this question. The appeal was dismissed because it was from an order not appealable. The question was not raised. The 174th section of the Code was not noticed. The 405 and 332 were alone referred to.

My reasons for this dissent, are embodied in the following propositions. 1. The Code has abolished writs of error, and substituted what is termed an appeal, as the method of reviewing orders and judgments. (§ 323.) I think that the practice upon appeals in equity cases, rather than those upon writs of error in common law actions, is to supply the rule of decision where the Code is silent. (§ 469.) Either this is the doctrine, or it is that when the action is a common law action, the rules upon writs of error shall control, and when it is an equity suit those upon appeals, as formerly known, shall govern.

2. We find one great and important principle prevailing, both as to writs of error and appeals. Writs of error were at the common law matter of absolute right in civil cases, and could be brought at any period, however remote. Appeals by the civil, the ecclesiastical, the admiralty, the law of the court of chancery, and that of the house of lords, were equally of absolute right, and equally unfettered by time. Positive statutes and positive rules were necessary to restrict the exercise of this right within definite periods, or to impose conditions upon it.

As to writs of error, there was no limitation before the statute of 10 Wm. III, c. 14. The preamble to that act recognized

the law, " that ancient judgments were reversible at any time without restriction or limitation." It provided a remedy by limiting them to twenty years. Our own statute of 1813, (1 *R. L.* 1813, 134, § 9,) reduced the period to five years. The Revised Statutes of 1830, abridged the time to two years. (2 *R. S.* 595, § 21.) In the English act, and in our own statute of 1830, the exceptions of infancy, coverture and some others, were contained and provided for the period after the disability was removed. (11 *Wendell*, 526.)

3. In the court of chancery, appeals from a decree of the master of the rolls, were to be taken within a month by an order of court of 1725. (*Beames' Orders*, 334, 338.) This order fell into disuse. Appeals of this nature being more strictly rehearings, were taken after a much greater length of time. (1 *Merivale*, 36; 13 *Vesey*, 456.) The rule seems to have been that until a decree was enrolled, it was open to a rehearing. (1 *Daniell's Pr.* 1347, *and cases.*)

By the order of the 7th of August, 1852, one of those resulting from the great statutory amendments of the practice, the subject was fully regulated, and the periods for appeals and rehearings prescribed. By the 6th section of the order, the lord chancellor either sitting alone or with the lord justices, or one of them, might whenever the peculiar circumstances of the case appeared to make it just and expedient, enlarge the periods before appointed for a rehearing, appeals or enrolment. (*Headlam's Chancery Acts, &c., London,* 1853.)

4. Appeals to the house of lords, were regulated by a standing order of March 24th, 1725. No petition of appeal was to be received after five years had expired from the signing and enrolling of the decree, and the end of fourteen days next ensuing such five years, unless the person be an infant, *feme covert, non compos,* imprisoned or out of the kingdom. Then within five years after the disability should cease. (*Stated at length* 2 *Fowler's Exch. Pr.* 246; *Palmer's Pr. House of Lords,* page    .)

An order of the house, made in 1829, reduced the period of appeals to two years, and as to the exceptions, it provided that

in no case should an appeal be allowed where the excuse was absence merely, after five years from enrolment. (1 *Daniell's Pr.* 1357.) An appeal from subsequent orders brought within five years from their date, saved an appeal from the decree, brought after five years had elapsed. Where a decree had not been enrolled, the house of lords acted upon the equity of the statute of William III, and dismissed an appeal which was brought twenty years after decree pronounced, although enrolled within five years. (*Edwards* agt. *Carroll*, 5 *Pr. P. C.* 466; *Smyth* agt. *Clay*, 6 *id.* 395, *Dublin edition.*)

5. Appeals in spiritual causes were regulated by the famous statute of 24 Henry VIII, chapter 12, prohibiting appeals to the See of Rome. From a sentence the appeal was to be taken in fifteen days, and from an interlocutory order within ten. (*Statutes at Large, Vol.* 2, *p.* 177; see also *F loy on Proctor's Practice, p.* 31.)

6. In admiralty I need only refer to *Brown's Admiralty Practice, Vol. p.* ; to the act of Congress of 1803, chapters 40, 52 and 54; and to *Wiscart* agt. *Dauchy*, (3 *Dallas*, 327.) The principle is found that appeals are of civil law origin, and the limitation to five years was prescribed for the tribunals of the United States.

7. Appeals in equity cases were regulated by the act of 1813, (1 *R. L.* 134, § 9,) adopted into the Revised Statutes of 1830, (2 *R. S.* 605, §§ 78, 79.) Appeals from final decrees were to be made within two years from enrolment, subject to the same exceptions as to persons under disability, as in cases of writs of error, and appeals from any other order within fifteen days. And the regulation of appeals from a vice-chancellor to the chancellor, was made by the statute. (2 *R. S.* 178, § 65.)

I deduce from this review two conclusions. One, that all restrictions upon the right of appeal are to be strictly construed; another and more important, that any relaxation of such restrictions is to be liberally interpreted. By the light of these principles the Code is to be examined. We notice first that the whole doctrine of exceptions by reason of a disability is

disregarded.   The prescription seems peremptory for all suit-
ors.    In the next place as the Code stood in 1848, the provi-
sion was only that which we now find in the 173d section,
with unimportant variations of language.   The new clause of
1849, added the provision which now forms the 174th section.
In it we find the direction that the court may in its discretion
allow an answer or reply to be made, *or other act to be done* after
the time limited by this act : or by any order enlarge such
time, and may also in its discretion and upon such terms as
may be just, at any time within one year after notice thereof
relieve a party from a judgment order or other proceeding,
taken against him through mistake, inadvertence, surprise or
excusable neglect.

Thus, then, a judgment may be relieved against within a
year for excusable neglect; but the power of revising that
judgment under any circumstances whatever after the expira-
tion of thirty days exists nowhere, not even when the appeal
is from one judge to other judges of the same court.   With
the most indulgent provisions for every other imaginable case,
this important common law inherent right is bounded by a
period very brief in duration, and by a rule most stringent in
application.   It has been urged, that an appeal is a new ac-
tion.   With respect, I regard this position as clearly indefen
sible ; some of my reasons are stated in *Seely* agt. *Prichard.*
But if an appeal from an inferior to a superior tribunal could
by possibility be so considered, I am unable to find a shadow
of plausibility for treating a review by judges of the same court
of the decision of one of them, as of that nature.   It is urged
that the court might as well assume the power of authorizing
the commencement of action after the expiration of the periods
fixed in title two of the Code.   The answer appears to me to
be, that the 174th section cannot, without the wildest latitude of
construction, be considered as applying to any act, except such
as attend and can be taken in the progress of a cause after its
commencement.   It has been insisted, that by just reasoning,
such a power would extend to permit exceptions to the ruling
of a judge at a trial, to be taken after the trial.   The answer

seems to me sufficient that the time to do that is not prescribed by the Code. It must from the nature of things be taken at the trial, and so the 264th section declares; but this.is not the prescription of a definite period of days or other times for doing an act contemplated in the 174th section.

It is strongly urged that whatever was comprised in the fresh provision of 1849, it could only be treated as relating to acts proper or necessary in a cause before judgment, and that the context appeared to establish this. This perhaps might sanction the exercise of the power when the appeal was to be from an order merely. But it seems to me a better and more comprehensive answer may be given. The provision as to relieving from judgments contemplates grounds of relief distinct from the case as it stands, something extraneous, not a review of the determination on the case as made out in the court below. Besides, the 405th section has provided for such a case, conferring the power even upon a single judge of the court except as to an appeal. I draw an argument from this very section, that the power was left to the court in cases of appeals.

That inconveniences and possibly evils may result from the possession of the power in question, may not be contested. They attend every exercise of a discretionary authority lodged in a court, and yet that authority is indispensable to justice in a multitude of instances. On the other hand, little experience or little thought is needed to perceive the numerous cases in which the plainest rights will be defeated and the grossest injustice wrought, by the rigid construction of the Code upon this question. I observe in conclusion, that the case here is of an appeal from an order denying a motion for a new trial, and the right of a judge of the court, in court, to extend the time for taking such an appeal. It is the decision on this point that I differ from. My reasoning would equally support the power in case of a judgment of the special term sought to be appealed from. I say nothing upon the point of an appeal from the general term to the court of appeals.