## SUPREME COURT.

### HENRY H. MORANGE agt. PETER MORRIS.

An *appeal* may be taken to the *general term* from a *judgment* containing excep-tions upon questions of *law* only, where the cause has been tried at the circuit, before a court and jury, *without any directions of the judge that the exceptions be heard in the first instance at the general term*, or *without their having been first heard at special term.*

(*The specific manner of reviewing questions of law and questions of fact, or both together, stated in the several propositions at the close of this opinion.*)

*New York General Term, November,* 1860.
SUTHERLAND, BONNEY *and* HOGEBOOM, *Justices.*

THIS is a motion by the plaintiff to dismiss an appeal by the defendant to the general term, from a judgment entered on the nineteenth day of May, 1859, in a cause tried by a court and jury before Mr. Justice W. F. ALLEN. Exceptions were duly taken and settled, raising questions of law upon the charge of the court to the jury. These exceptions were not passed upon at the special term, and there was no order or decision sustaining or overruling the same, but they are presented on the appeal to the general term without any order directing them to be there heard in the first instance.

H. H. Morange, *for the motion.*
T. J. Glover, *opposed.*

By the court, Hogeboom, Justice. Notwithstanding the provisions of the Code, and repeated judicial decisions, the proper mode of reviewing alleged errors committed at the trial of causes, does not appear to be entirely settled, nor the practice altogether uniform. It may not, therefore, be wholly unprofitable again to recur to it. I allude now exclusively to questions upon the merits, and not to mere irregularities in the proceedings.

Three modes of trial are recognized by the Code, trial by the court, trial by referees, and trial by jury. It is the last of these and the mode of reviewing errors therein that I propose to consider.

In trials before a court and jury, the leading distinctions are of course between questions of law and questions of fact. The mode of reviewing these questions is essentially different. Questions of fact, mostly arise upon the weight and credibility of the evidence, and except where the evidence is clear, uncontradicted, or largely preponderating, are to be determined by the jury. The determination of the jury in regard to them is only declared by their verdict. There is no other proper mode of expressing their opinion than on the final result by a verdict.

Their determination may be however, reviewed. This is by a motion for a *new trial*. (*Code*, §§ 264, 265.) This motion may be made at the same term or circuit at which the trial is had, in which case it is heard upon the minutes of the judge, and must be heard by the same judge who presided at the trial (*section* 264,) or it may be heard upon a case settled by the trial judge, containing the evidence, in which case it is heard at *special term* before the same or some other judge, (*section* 265.) This is of course always before a single judge, and as yet there has been no appeal, properly so called. But the determination of the judge in

either case, and whether he grants or refuses a new trial upon the evidence is reviewable upon *appeal* to the general term, (*sections* 264, 349.) These are properly appeals from the *order* of the judge granting or refusing a new trial. They should be heard *before* judgment is entered, although it has been held, and I think not improperly, that where judgment is allowed to be entered by way of *security*, on account of the alleged or apprehended irresponsibility of the defeated party, the motion for a new trial at *special term* may still proceed. It is upon the ground that the judgment is allowed to be entered not as a *further* step in the regular proceedings in the cause, but as a mere means of security, and *condition* of granting relief, like allowing a judgment to stand as security where a *default* for not answering is set aside and a party allowed to try his cause, notwithstanding the judgment.

But I cannot coincide in the opinion expressed by the superior court, that where a review is sought upon the *facts* as well as the *law*, the judge may order the case to be heard in the first instance at the *general term*. (*Morris* agt. *Brower*, 1 *Sandf. S. C. R.*, 701.) This does not seem to me to be authorized by the true construction of sections 264, 265, of the Code.

I have already stated that the decision of the judge upon the *facts*, in granting or refusing a new trial is reviewable by appeal to the general term, and that the proper, and I think the *only* mode of making that review is by appeal from the *order* granting or refusing such new trial. It is not by appeal from the *judgment*, because in the case of a *jury* trial, an appeal from a *judgment* does not involve or authorize a review of the judge's decision upon the facts. (*Code* § 348.) That section provides that "in the supreme court an appeal *upon the law*, may be taken to the general term from a judgment entered upon the report of referees, or the *direction of a single judge* of the same court in all cases, (which in my opinion embraces all the three modes of trial

above mentioned,) and upon the *fact* when the trial is by the court or referees." It will be seen from this section, that the appeal from a *judgment* only authorizes a review of the questions of fact, when the trial is by the *court* or by *referees*. Hence to review the decision of the judge in granting or refusing a new trial on a question of fact, or on the evidence in the case, the appeal must be from the *order* of the judge, granting or refusing a new trial under section 349. And such is the view taken of this question both in the court of common pleas, and in the superior court of New York. (*See Ogden* agt. *Coddington,* 2 *E. D. Smith,* 317; *Benedict* agt. *Caffe,* 3 *Duer,* 669; *Fry* agt. *Bennett.* 16 *How.,* 385.) In practice, this appeal is usually heard at the same time with the appeal from the *judgment* to the general term.

I proceed to examine the proper manner of reviewing questions of *law.* These are presented by *exceptions,* to the rulings or decisions of the judge. They usually consist of exceptions to his rulings in the admission or rejection of evidence, exceptions to the granting or refusal of a motion to nonsuit or dismissal of the complaint, and exceptions to his instructions to the jury, or refusal to make those requested. They *may* be heard, like an application for judgment on a special verdict or case reserved for argument or further consideration, in the first instance at the *special* term, and *must* be so heard, when heard *before* the entry of judgment in the action, (except where the exceptions are directed to be heard in the first instance at the general term.) In such case the application is called a *motion for a new trial,* which may as well be for errors of *law,* presented by *exception,* as for errors of *fact,* presented upon a *case* containing the *evidence* at the trial. (*Code,* § 265.) In such case, an *appeal* lies to the general term, and as the decision turns upon questions of *law,* the appeal may be from the *order* granting or refusing a new trial, or from the *judgment,* or (which is the safer practice) from *both.* (*Sec-*

*tions* 348, 349.) So also " when exceptions are taken, the judge trying the cause, may at the trial, direct them to be heard in the first instance at the general term and the judgment in the mean time suspended, and in that case they must be there heard in the first instance, and judgment there given." (*Section* 265.) So also, " when upon a trial the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at the general term, and in that case the application for judgment must be made at the general term." (*Section* 265.) These are all cases where the review at the general term is *before* judgment, and as they cover every form in which questions of law can be presented at the trial, it has been supposed, but I think erroneously, that no other mode of review of questions of law is contemplated by the Code, than those enumerated in section 265. I think it obvious from other sections of the Code, and from other considerations that this view is not correct.

1. These are all applications *before* judgment, and contemplate a re-examination of the questions made at the trial before the successful party shall be entitled to the solemn and deliberate judgment of the court. Therefore section 264, provides that the clerk upon entering the verdict shall also, either enter the judgment rendered thereon, or an order that the cause be reserved for argument or further consideration. He must enter judgment if a different direction be not given. But *both*, the *immediate* entry of the judgment, or the order of reservation for argument or further consideration, pre-suppose and require the *direction* of the court. What the clerk does, is under the *direction* of the court. In some cases the direction is *implied*, but the authority to enter the judgment, nevertheless proceeds from the *court*. It is the judgment of the court, and every judgment whatever, after a trial, is supposed to be entered under the direction of the court or presiding judge.

2. But when the court, at circuit or special term, *directs*

a judgment upon the verdict, whether it be immediately on receiving the verdict or after argument or further consideration, (*sections* 264, 265,) or after a motion for a new trial upon exceptions, (*section* 265,) no judgment having hitherto been entered, the unsuccessful party, when judgment has been perfected, has a further *remedy*, in the only way in which a *judgment* can be reviewed, that is by *appeal* to the general term. Therefore, section 278, provides that "judgment upon an issue of law or of fact, shall in the first instance be entered *under the direction of a single judge*, or report of referees subject to review at the general term, on the demand of either party as herein, (that is in the Code,) provided." Now judgment is as truly and effectually entered under the direction of a single judge, where such judgment is ordered immediately upon entering the verdict, as where it is entered after argument or further consideration, or after a motion for a new trial. Therefore, also, section 348 provides that " in the supreme court an appeal upon the *law* may be taken to the general term, from a judgment entered upon the report of referees on the *direction of a single judge* in all cases," that is, whether the cause is tried before referees, before the court, or before a jury, for it is not possible that the legislature meant to allow an appeal *upon the law*, where the trial was by the *court* or *referees*, and to refuse it, where it was by a *jury*.

I am persuaded, therefore, that the framers of the Code contemplated a review upon exceptions as to the law by appeal to the general term after judgment, without the previous formality, usually a fruitless and unnecessary one, of an application at the special term for a new trial upon the exceptions.

To restate these propositions, they are as follows:

1. Where the defeated party in a jury trial, desires to review the case upon questions of fact, he must do so in the first instance by *motion for new trial*, before a single judge,

and before judgment. (*Code, sections* 264, 265, *Watson* agt. *Scriven*, 7 *How.*, 9.)

2. Where judgment is allowed to be entered by way of *security* merely, it is not an obstacle to a motion for a new trial upon the evidence, because the judgment being only *conditional*, and for a special purpose, the application for a new trial, is still treated, as an application *before judgment*. (*Benedict* agt. *Caffe*, 3 *Duer*, 669.)

3. The decision of the judge upon the motion for a new trial on the evidence, is reviewable by appeal therefrom to the general term. (*Code, section* 349.)

4. But this appeal must be from the *order* granting or refusing a new trial, because on questions of fact in the case of a jury trial, the Code does not authorize an appeal from the *judgment* to the general term. (*Code, section* 348. *Ogden* agt. *Coddington*, 2 *E. D. Smith*, 317; *Benedict* agt. *Caffee*, 3 *Duer*, 669; *Fry* agt. *Bennett*, 16 *How.*, 385.)

5. Where no questions of fact *whatever*, are involved, and the case presents *only* questions of law, without exceptions to evidence, the trial judge may direct a verdict subject to the opinion of the court at the *general term*, and in such event, the case is first heard at the general term before judgment. (*Code, section* 265; *Taylor* agt. *Harlow*, 11 *How.*, 285; *Bangs* agt. *Palmer*, 16 *How.*, 542; *Cobb* agt. *Cornish*, 16 *N. Y. Rep.*, 602; *Gilbert* agt. *Beach*, 16 *N. Y. R.*, 606.)

6. Where exceptions are taken, and no questions of fact arise, or are desired to be reviewed, the judge at the trial, may, in his discretion, direct the exceptions to be heard in the first instance at the general term, and in that case they must be there heard in the first instance, *before judgment*, and judgment must be there given. (*Code, sec.* 265; *Taylor* agt. *Harlow*, 11 *How.*, 285; *Roosa* agt. *Snyder*, 12 *How.*, 285.)

7. But where the case is sought to be reviewed, both upon questions of law, and questions of fact, upon a settled case, containing the evidence and the exceptions, such case must be *first* heard at the special term before a single judge

and before judgment, because there is no provision of the Code allowing a review of the *facts* in the *first instance* by the general term. ( *Code, section* 265.)

8. Where the case presents only questions of law upon *exceptions*, and they are not ordered in the first instance to the general term, they *may* be heard *before judgment* at the special term by way of a *motion for a new trial*. ( *Code, sections* 264, 265.)

9. But they are not *necessary* to be so heard. The defeated party may prepare his exceptions and have them settled, await the entry of judgment, have the exceptions attached to, and form a part of the judgment roll, and *appeal* to the general term from the *judgment*, and in such case argue his exceptions upon such appeal at the general term, and ask to have the *judgment reversed*, instead simply to have a *new trial granted*. ( *Code, sections* 278, 281, 348 ; *Watson* agt. *Scriven*, 7 *How.*, 9 ; *Ryle* agt. *Harrington*, 14 *How.*, 59 ; *Jackson* agt. *Fassett*, 17 *How.*, 453.)

10. Where the case presents both the *evidence* and the *exceptions*, in other words, questions of fact, and questions of law, which have both been passed upon, in a single settled case, at the *special term*, upon a motion for a new trial before judgment, the party dissatisfied with the *order* of the court granting or refusing a new trial, may appeal therefrom to the general term, and when *judgment* is perfected, also appeal therefrom to the general term, and upon such combined appeal, review at the general term, the decisions made at the special term, both upon the law and the fact. In such event, if the appellate court dissents from the view taken at special term, the result will usually be a reversal of the judgment, and in addition thereto the granting of a new trial. ( *Code, sections* 348, 349, 278 ; *Fry* agt. *Bennett*, 16 How., 385.)

If the views above expressed are correct, the defendant's appeal has been regular, and the motion to dismiss the appeal should be denied with ten dollars costs.