Williams v. The Tradesmen's Fire Insurance Company.

ALBERT C. WILLIAMS *v.* THE TRADESMEN'S FIRE INSURANCE
COMPANY.*

It is the duty of a judge of the Marine Court presiding at a trial by a jury to give judgment upon the verdict ; and this judgment he cannot intermit or avoid by making an order for a new trial.

An appeal from such a judgment, when entered, brings up only questions of law, and the appellant cannot be heard upon the objection that the verdict was contrary to evidence.

There is no provision of law allowing a single judge of the Marine Court to hear a motion for a new trial, or providing for an appeal in that Court from an order either granting or denying such a motion.

The reversal of a judgment upon the ground that it is against the weight of evidence, and an order for a new trial by the General Term of the Marine Court, constitute a final determination, from which an appeal may be taken to the Common Pleas.

APPEAL by the defendants from a judgment of the Marine Court at General Term.

The action was brought to recover $500 as a loss covered by a policy of insurance issued by the defendants.

The jury rendered a verdict of $200 for the plaintiff. The plaintiff appealed from the judgment entered upon the verdict to the General Term of the Marine Court, and the Court reversed the judgment and ordered a new trial.

From this judgment of the General Term, the defendants appealed to the Court of Common Pleas, stating as grounds of the appeal that the Marine Court at General Term had no power to reverse a judgment as against the weight of evidence, or grant a new trial except for error of law, or to open a default.

*Bradley, Mills & Woodhull,* for appellants.
*N. P. O'Brien,* for respondent.

BY THE COURT. —DALY, F. J.—This was a review by the General Term of the Marine Court of the finding of a jury upon

---

* See a former appeal in the same case, *ante,* p. 223.

Williams v. The Tradesmen's Fire Insurance Company.

conflicting evidence without any error of law having occurred at the trial. It was hearing a motion to set aside a verdict after judgment as against the weight of evidence, and ordering a new trial, and the question presented is whether the General Term of the Marine Court can entertain such a motion.

By the act of 1853 an appeal may be taken from a judgment entered by direction of a single justice of the Marine Court, to the justices of the Court at a General Term, in the same manner and *with the like effect* as appeals in the Supreme Court from the decision of a single judge to the General Term (Laws of 1853, p. 1165, § 5).

In the Supreme Court an appeal *upon the law* may be taken from a judgment entered upon the direction of a single judge, and upon the fact, when the trial is by the Court; and upon the trial of a question of fact by the Court, the decision of the Court has to be given in writing, which must contain a statement of the facts found, and the conclusions of law separately (§§ 267, 348). Where the trial is by a jury, the clerk must enter judgment in conformity with the verdict, unless a different direction is given by the Court, which may be done only in two cases, namely : where the judge orders exceptions to be heard in the first instance at the General Term, or where he directs a verdict subject to the opinion of the Court (*Cobb* v. *Cornwell*. 16 N. Y. R., 602).

Where judgment is entered upon the verdict of a jury, and a new trial is sought, the motion for a new trial must be made in the first instance before a judge at the Special Term, and such a motion is a proceeding entirely distinct and different than an appeal from the judgment, for both may be pursued at the same time (*Benedict* v. *Caffe*, 3 Duer, 669; *Hastings* v. *McKinley*, 3 Code R., 10).

A motion for a new trial originated as a motion in arrest of judgment, and could be heard only at bar, before the full Court in term (*Slade's Case*, Styles R., 138 ; *Wood* v. *Gunston*, Id., and such was the law in this State down to the year 1832, when an act was passed (Laws of 1832, p. 186), by which motions for a new trial in the Supreme Court had to be made to the Circuit judge to the exclusion of the right of the Supreme Court to hear them in the first instance (Graham's

EAS.

Company.

having occurred at
ide a verdict after
ence, and ordering
hether the General
'; a motion.

n from a judgment
the Marine Court,
rm, in the same
s in the Supreme
e to the General

may be taken
of a single judge,
urt; and upon the
decision of the
contain a state-
of law separately
the clerk must
unless a differ-
ay be done only
exceptions to be
rm, or where he
Court (Cobb v.

rdict of a jury,
w trial must be
e Special Term,
net and differ-
ch may be pur-
ner, 649; Hist-

ion in arrest of
before the full
ol v. Gunston,
wn to the year
1867, by which
d to be made
right of the
rice. (Graham's

---

Williams v. The Tradesmen's Fire Insurance Company.

Practice, 637, 2 ed.), and this feature has been substantially re-
tained under the Code.

From the order of a judge at Special Term refusing or grant-
ing a motion for a new trial, an appeal lies to the General Term,
and unless brought before them in this way by appeal, the
General Term of the Supreme Court cannot hear such a motion
(De La Figaniere v. Jackson, 4 E. D. Smith, 482; Maloney v.
Dows, 18 How., 27; Hastings v. McKinsley, 3 Code R., 10;
Morgan v. Bruce, 1 Code R. N. S., 364).

There is no provision of law allowing a single judge of the
Marine Court to hear a motion for a new trial, and therefore no
mode in which such a motion can come before the General
Term of the Marine Court, in the same manner, and with the
like effect, as in the Supreme Court. Where a cause is tried
before a single judge without a jury in the Supreme Court, the
facts, upon an appeal from the judgment entered by his direc-
tion, may be reviewed by the General Term, and possibly in a
similar case in the Marine Court the same right to review may
exist, though the point is one upon which I express no opinion.

But where there is a trial by a jury in the Marine Court, it
is the duty of the judge presiding at the trial to give judgment
upon the verdict (Laws of 1813, Vol. 2, p. 374, § 95; p. 389,
§ 131; Sibley v. Howard, 3 Denio, 72), and this duty he could
not intermit or avoid by making an order for a new trial, and
when the judgment is entered up, the appeal upon it, as in the
Supreme Court, brings up only questions of law, and the
appellant could not be heard upon the objection that the ver-
dict was contrary to evidence (Anthony v. Smith, 4 Bosw. R.,
503; Ogden v. Coddington, 2 E. D. Smith, 325; De La Fig-
aniere v. Jackson, 4 Id., 482). "That," said Chief Justice
BOSWORTH, in the case first cited, "can only be considered at
General Term, upon an appeal from an order denying a motion
for a new trial." There is nothing in the previous legislation,
in the Code, or in the statutes, relating to the Marine Court,
providing for an appeal in that Court, from an order either
granting or denying a new trial, or authorizing a judge of that
Court to make such an order. The appeal allowed by the act
of 1853, is from the judgment, and it is very clear that the
General Term of the Marine Court cannot, upon such an appeal,
exercise a power which the Supreme Court does not possess.

The General Term reversed the judgment, and it must have been upon the ground that it was against the weight of evidence, as there was no question of law, but simply a question of fact upon conflicting evidence, and they made an order for a new trial. The reversal of the judgment was an actual and a final determination. As there could be no new trial, the Court having no authority to grant one, and as the judgment was reversed, and the right of the parties finally determined, so far as respects the Marine Court, an appeal lay to this Court to correct the erroneous judgment which had been rendered.

The judgment should be reversed.