---

# NEW-YORK COMMON PLEAS.

## WILLIAM HONE agt. DENNIS JOSLIEN.

Where, on the trial of an action before one of the justices of the marine court, judg-ment is rendered for the plaintiff, and the defendant appeals to the general term of that court, where the judgment is *reversed,* generally without award-ing a new trial, such a decision is not in a condition to be brought by appeal, before the common pleas for review. It is not a case where there has been an actual or final determination of the rights of the parties by the marine court. The latter court should award a new trial.

And it is the usual practice in the common pleas, in such cases, to dismiss the appeal, or send the return back to the marine court, that the proper judgment may there be given.

*General Term, June,* 1859.

By the court—HILTON, Judge. ON the trial of this action before one of the justices of the marine court, judgment was rendered for the plaintiff. The defendant appealed to the general term of that court, where the judgment was reversed; and from this decision of the general term, reversing the judg-ment *generally and without awarding a new trial,* or in any way determining the rights of the parties to the action, an appeal is brought to this court.

It is prescribed by the Code (*Sec.* 352), that where a judg-ment shall have been rendered by the general term of the marine court, the appeal shall be to this court, but it shall only "be from an actual determination at such general term." As a judgment is described by section 245 to be "the final de-

termination of the rights of the parties in the action," it seems quite clear that this case is not in a condition to be brought .before us for a review. There has been no actual or final determination of the rights of the parties by the marine court; and until such a determination is had, and the case is at an end in that court, it cannot be brought here, it being the policy of the Code to allow only one appeal to us in the same action.

Such was the construction given by the court of appeals to similar language under the Code, section 11, respecting appeals to that court. (*Swatwout* agt. *Curtiss*, 4 *Comst.* 415 ; *Deane* agt. *Northern R. R. Co.*, 3 *id.* 545 ; *Paddock* agt. *Springfield Fire and Marine Ins. Co.*, 2 *Kernan*, 591.) And we have repeatedly held, in cases like the present, where the judgment has been reversed on appeal, that the marine court was clearly wrong in not awarding a new trial ; and, in many instances, appeals have been dismissed, or the returns sent back with directions to that effect.

That court has, at general term, all the powers in reviewing a judgment brought before it on appeal, that a general term of supreme court has in like cases. It may reverse, affirm or modify the judgment, and, in case of reversal, may order a new trial, or, instead, may give final judgment in favor of the defendant, when it can see that no possible state of proof applicable to the issues in the cause will entitle the plaintiff to a recovery. (*Figaniere* agt. *Jackson*, 11 *How. Pr.* 462 ; *Edmonston* agt. *McLoud*, 16 *N. Y. Rep.* 543 ; *Griffin* agt. *Marquardt*, 17 *id.* 28.)

Although, in the language of Judge COMSTOCK, in the latter case (*page 33*), "it is proper to say, and to say with great distinctness, as the opinion of this court, that extreme caution ought to be exercised in refusing new trials where judgments are reversed. The discretion of the appellate court should be exercised in that direction, only in cases when it is entirely plain, either from the pleadings or from the very nature of the controversy, that the party against whom the reversal is pronounced cannot prevail in the suit."

I have no hesitation, however, in adding that this is not a case in which such a final judgment should be given.

. The evidence at the trial may not have been sufficient in law to sustain the judgment; yet it is impossible for the appellate court to know that the necessary proof might not be supplied on another trial, and which it was their duty to order.

The appeal must be dismissed, and the return sent back to the marine court, that the proper judgment may there be given.[1]

[1] NOTE.—In the case of *Astor* agt. *L'Amoureux* (4 *Seld.* 107), the *head note* states that "an appellate court, in reviewing a judgment upon a case made at the trial, is not authorized to reverse the judgment, and render a final judgment against the party who prevailed in the court below. It can only order the judgment reversed and a new trial."

The difficulty in that case is, that the head note is too broad for the decision of the court; it should have applied the principle to the facts of that case, instead of making it apply generally. The court say, after a very full statement of the facts of the case, that "the superior court erred in reversing the judgment recovered at the circuit, and ordering a final judgment for the defendant, upon a case made at the trial. It should have ordered a new trial, which was all it was authorized to do. Judgment reversed and new trial ordered." That is, all that the superior court was authorized to do, *in that case*, was to order a new trial.

But that case is set right in the decision of *Edmonston* agt. *McLoud* (16 *N. Y. R.* 543), where it is *held*, HARRIS, Judge, that "where the appellate court can see that no possible state of proof, applicable to the issues in the case, will entitle the party *to a recovery*, it is not necessary or even proper that a new trial should be awarded." And this doctrine was also held in the case of *Griffin* agt. *Marquardt* (17 *N. Y. R.* 28), "that the supreme court is bound to grant a new trial on reversing a judgment upon appeal on a case, unless the case be within the exception stated in *Edmonston* agt. *McLoud* (16 *N. Y. R.* 543); that it should in this case have awarded a new trial; *and that this court could review the error. Judgment modified by the award of a new trial.*"

This decision seems to be a decisive authority that the *appellate court* is bound, not only to entertain the appeal from a judgment of absolute reversal, but to order a new trial, if necessary or proper. Because, Judge COMSTOCK, in the case cited, refers to the Code, which says that "the appellate court may reverse, affirm or modify the judgment or order appealed from, in the respect mentioned in the notice of appeal, *and may, if necessary or proper, order a new trial.*" And then says, "the terms of this provision are so plain, that no argument can be necessary to show that the appellate court is not imperatively required in all cases, on reversing a judgment, to grant a new trial. On the contrary, *it*

*is plain that a new trial is not to be granted, unless the court thinks it necessary or proper."*

The court that thinks it necessary or proper is the appellate court. And that is, first, the general term, and then the court to which an appeal from the general term may be taken. That the question, whether a decision by the general term of *reversal* absolutely is a "final determination of the rights of the parties in the action," so that an appeal will lie to the appellate court, seems never to have been doubted by the court of appeals, except, perhaps, in some of the views expressed by Judge Comstock, in the case of *Griffin* agt. *Marquardt*, *supra*, and in which he was distinctly overruled by all the other judges, holding that the court of appeals could review the error, and they did review it by awarding a new trial.—[Reporter.

## SUPREME COURT.