## NONES *a.* HOMER.

*New York Common Pleas; General Term, May,* 1861.

### FORMER ADJUDICATION.

Where defendant pleaded a former judgment between the same parties, and it appeared on the trial by his evidence that there was a former action pending between them in the Marine Court, in which the plaintiff had recovered, but which recovery that court, at the general term, had reversed, without, however, ordering a new trial, or rendering final judgment,—*Held*, that such reversal was nevertheless a bar to the present action.

Appeal from judgment dismissing complaint.

BY THE COURT.—BRADY, J.—The defendant pleaded as a separate defence to this action that the plaintiff had commenced an action for the same cause set forth in the complaint; that

the defendant had answered in such action, denying the right of the plaintiff to recover; that the issues formed were tried upon the merits, passed upon by the jury, and a verdict rendered, and that final judgment was thereafter regularly and in due form entered in said action upon said verdict. Upon the trial of the present action, the defendant proved the facts just stated, except that judgment final was in due form entered upon the verdict. In the former action, the plaintiff succeeded, and the general term of the Marine Court reversed the judgment, without ordering a new trial. That court did not, however, render judgment final in favor of the defendant. The defendant's counsel having on the trial first proved that the causes of action in the former and present suit were identical, gave in evidence the judgment pronounced by the general term of the Marine Court, and then moved to dismiss the complaint, on the ground that such judgment was a bar to any further action. The motion was granted.

The defendants had set up the judgment of reversal as a final judgment, and the plaintiff seems to have been misled by that circumstance. The defence was in legal effect the averment of another action pending, and such is the rule upon which the justice on the trial dismissed the complaint. It will be perceived, on examination of the return, that the justice held the judgment of reversal to be a bar to a new action; and inasmuch as such reversal left the original action still pending, and no final judgment had in law been entered, the decision was correct. We have held repeatedly that where a judgment was reversed on appeal, the Marine Court was clearly wrong in not ordering a new trial. (Howe *a.* Julien, 2 *Hilt.*, 453; S. C., 9 *Abbotts' Pr.*, 193.) Such should have been the judgment of that court in this case. It had no power to order otherwise (Astor *a.* L'Amoreux, 4 *Seld.*, 107; Edmonston *a.* McLoud, 16 *N. Y.*, 543; Griffin *a.* Marquadt, 17 *Ib.*, 28), unless it appeared that the plaintiff could not possibly succeed in the action, which was not pretended. It being the duty of the Marine Court to order the new trial, the judgment of reversal must be construed so as to remit the parties to the legal position towards each other which they held when the trial commenced, and should be regarded by intendment as an order for a new trial. It could have no other effect. The court had

not exhausted its jurisdiction. It has not disposed of the issues presented, and the duty of the justice was plain. The plaintiff' cannot be relieved, because he was either misled by the phraseology of the answer, or misunderstood the effect of the judgment pronounced.

The judgment should be affirmed.