CHARLES J. FOLGER, and others, Appellants, *v.* HENRY FITZHUGH and DE WITT C. LITTLEJOHN, Respondents.

The Special Term have a right to hear and grant a motion for a new trial upon a case made, although a judgment has already been entered upon the verdict. (GROVER, MASON, DANIELS and MURRAY, JJ. (JAMES, J., *contra*.)

An appeal to this court, from an order of the General Term of the Supreme Court, affirming an order of the Special Term granting a new trial upon a case made after verdict, on the ground that it is against evidence, though such order is granted after judgment, will be dismissed. (JAMES, J., dissenting.)

(Cause argued June 23d, 1869, decided September 25th, 1869.)

THIS is an appeal from an order of the General Term of the Supreme Court in the fifth judicial district, affirming an order of the Special Term, granting the defendants a new trial, on the ground the verdict was against evidence.

The action was against the defendants, to recover the value of a quantity of wool, stored away, which was destroyed by accidental fire.

The cause was tried at a circuit, in June, 1855, before the court and jury, and a verdict rendered for the plaintiffs. Nine exceptions were taken by the defendants, either to the admission or rejection of evidence, or instructions to the jury. No motion was made, either on the minutes or otherwise, to set aside the verdict, or for a new trial. A case, containing the substance of the complaint and answer, the proceedings and evidence on the trial, together with the charge to the jury and their verdict, was duly made and settled.

No motion having been made for a new trial by the defendants, the plaintiffs on the 30th day of March, 1857, duly entered judgment on the verdict for its amount, with costs. From that judgment, an appeal was taken to the General Term, where the judgment was affirmed.

After the order of affirmance, and at the same term, the General Term, on its own motion, made an order " that all proceedings on said affirmance be stayed, till the decision in an application to be made by defendants for a new trial. on the case." And it was further ordered, that said defendants be at liberty to move for a new trial in said action on the case, at Special Term, with the same force and effect as if said appeal had not been brought and judgment affirmed, and that either party be at liberty to appeal from the decision at Special Term, on said application for a new trial.

And it was further ordered, that in case it should be finally decided, that a new trial be granted in said action, the said order of affirmance should be deemed thereby vacated, except as to costs of the appeal."

In February, 1864, a motion was made at Special Term, on the case attached to the appeal papers, for a new trial, and a new

trial was granted (on the ground that the verdict was against evidence), on payment to plaintiff of the costs of the former trial, and all subsequent proceedings, and ten dollars costs of opposing said motion.

From said order of the Special Term, the plaintiffs appealed, and in June, 1864, the said order was affirmed by the General Term.

The plaintiffs then appealed to this court, giving a stipulation, that if this court affirmed the order, judgment absolute might be entered against them.

JAMES, J., read an opinion for reversal of the order on the ground: 1st. That the General Term had no power to make the original order giving leave to the defendant to move at the Special Term for a new trial. 2d. That such motion could not be made at the Special Term, after judgment final on the verdict; and 3d. That the order was wrong on the merits.

GROVER, J., read an opinion for affirmance on the ground that the order was right on the merits, and that a case having been properly and regularly made before judgment, the motion could be properly entertained at Special Term, if that court saw fit, after judgment on the verdict; though not after absolute affirmance thereof at the General Term; but that the action of the General Term in this case, ought not to be construed as an absolute affirmance, but rather a dismissal of the appeal, except as to costs.

MASON, MURRAY and DANIELS, JJ., concurred, that a motion for a new trial on a case could be made at Special Term after judgment; but MASON and MURRAY, JJ. thought the propriety of such an order not reviewable here on the merits.

WOODRUFF, J., thought, 1st. That the Code has not altered the rule, well settled before the Code, that a motion for a new trial on a *case* could only be made before final judgment. 2d.

That there is, nevertheless, in the Supreme Court, inherent power and control over its own judgments. So that, under special circumstances of mistake or misfortune, where justice requires it, the court has power to vacate the judgment in order to relieve a party from the technical difficulty, and when they do so, this court cannot pronounce it error in law. So, for the benefit of the prevailing party, if he so elect, they may suffer the judgment to stand, provisionally, as security pending the motion, &c., as is often done where after judgment by default the defendant is permitted to plead or answer. 3d. When a party, instead of moving for a new trial, on the ground that the verdict is against evidence, submits to judgment, and goes by appeal to the General Term, and the judgment is there *affirmed*, he is concluded. The right to move for a new trial at Special Term is at an end. But, if the General Term see fit to quality their affirmance, so as in effect to make it provisional to enable the party to make his motion for a new trial at Special Term, holding the judgment meantime as security to the prevailing party, and the Special Term do in fact permit the motion to be made, and grant a new trial, this court, however irregular it may deem such a practice to be, cannot say that any question of law is thereby presented to this court for review. 4th. The Code has conferred the right of appeal from an order granting a new trial, but this does not bring the *facts* under consideration in this court, so that we can inquire whether the verdict of the jury is against evidence. On appeal even from an order granting a new trial, after the *verdict of a jury*, questions of *law only* are to be considered in this court (otherwise after trial by court or a referee, when an order of reversal states that the reversal is on questions of fact). There is, therefore, no question before us in this case, on this appeal, which we can review. 5th. The court in such case may, perhaps, have jurisdiction to affirm, but the more appropriate order is to dismiss the appeal on the ground, that it presents no question of *law* for our determination.

HUNT, Ch. J., thought the question one purely of practice, and not reviewable here.

LOTT, J., was also for dismissal of appeal.

For affirmance, GROVER and DANIELS, JJ.

For reversal, JAMES, J.

·For dismissal of the appeal, HUNT, Ch. J., WOODRUFF, MASON, MURRAY and LOTT, JJ.

.Appeal dismissed.

*E. G. Lapham*, for the appellants.

*Edwin Allen*, for the respondents.