Pratt, J.
This is a motion for a new trial, on the ground of newly discovered evidence. I am satisfied, from the papers submitted, that the evidence upon which a new trial is sought is not cumulative, and that under all the circumstances the plaintiff is not guilty of laches in making the motion.
It is also clear that this is a non-enumerated motion, and is properly before the court.
But the objection is made that judgment having been entered, it is now too late to entertain the motion ; and some decisions are cited holding that after entry of judgment the court has no power to grant such relief.*
If this objection is well taken, it is a great defect in the law, and may well provoke legislative action.
For, if a party can, by the simple act of entering judgment (which may now be done at any time after verdict, and without notice), destroy the power of the court to redress error and relieve against misfortune, mistake or fraud, it is plain that the safeguards against wrong will be painfully diminished.
*461 Under the old practice, when judgment was not perfected till a considerable time after the trial, and upon application to the court, the liability to mischief from such a rule was comparatively small.
Yet, in 1832, the legislature felt called upon to interfere, and provided that in personal actions the court might hear and decide motions for new trial after judgment and execution.
Before this act it was often necessary to resort to chancery to obtain a new trial in an action at law, but after this highly remedial statute the courts of law could generally give summary and full relief, and suitors were no longer compelled to submit to the expense, delay, and trouble of resorting to another tribunal.
Of course, if courts of law have lost the power to afford relief on motion, in the numerous cases where accident or unjust practice has perverted the course of justice, this old and once familiar branch of equity jurisdiction will revive, and we shall again have actions instituted to vacate judgments that cannot properly be allowed to stand.
But the whole tendency of recent changes has been towards directness and simplicity in practice, and not without great reluctance will a contrary course be pursued.
Indeed, since the abolition of the distinctions between legal and equitable remedies, the same results, in many cases, can be attained by motion, that before could only be obtained by a bill in equity.
I have carefully sought to learn upon what grounds it can be claimed that the act of 1832 is not in force, but without success.
The Code contains no provision inconsistent with it. The powers possessed by the court prior to 1846 have been carefully preserved, and if the practice obtaining since 1832 is to be changed, it must be by judicial rulings.
*462 The whole question is elaborately argued in Tucker v. White (27 How. Pr., 97, and 28 Id., 78), and'the conflicting authorities compared.
The weight of argument and all considerations of convenience concur in favor of holding that the beneficial power of the court to control its proceedings, should not be abandoned or hampered by any arbitrary rule.
Suppose a verdict is obtained upon false testimony. The witnesses confess their perjury. Documents may prove it. The successful party may possibly admit it. Or a witness is abducted and not restored to liberty, till judgment has been entered upon the verdict thus obtained.
Can the court be without power to afford a remedy at once?
The proper rule seems to be that the required relief should be granted upon motion, without regard to any formal entry of judgment.
Upon paying all costs and allowances to date, let a new trial be had, with leave to the plaintiff to discontinue against Bingham if he shall be so advised.

See Folger v. Fitzhugh, 41 N. Y., 228.