# SUPREME COURT.

## LOUIS ROUSSO agt. VICTOR M. VONTRIN.

Where, at the close of the evidence on the trial, the court directed a verdict for the plaintiff, and ordered the action reserved for further consideration, with leave to the defendant to move for a new trial on a case to be made and settled in the usual manner; and without waiting for the determination of the court upon the case reserved, and before any order directing judgment in the action, the defendant made and served a case, which was settled in the usual form, and thereupon, moved for a new trial on notice at a special term, held by the same judge who tried the cause, the plaintiff at the same time, moved for judgment on the verdict; and the motion for a new trial was denied, and judgment directed for plaintiff on the verdict:

*Held,* that the plaintiff was not entitled to costs:—Before argument on a case, for a new trial, $20, and for argument of said case, $40.

The motion for a new trial, allowing the practice to be correct, was premature; as at the time it was made the trial of the action was noe finished; the final determination was suspended until the further order of the court—a suspension the court had authority to make (*Code*, § 264).

Until the further order of the court, no judgment could be entered, as it was undetermined who should have judgment. The hearing of the case reserved was part and parcel of the original trial, to which subdivision five of section 307 of the Code has no application.

*St. Lawrence County Special Term, February,* 1871.

MOTION for readjustment of costs.

Issue was joined in this action, and was tried at the Jefferson county circuit, October, 1870. When the evidence was closed on the trial the court directed a verdict for the plaintiff, and ordered the action reserved for further consideration, with leave to the defendant to move for a new trial on a case to be made and settled in the usual manner.

Without waiting for the determination of the court upon the case reserved, and before any order directing judgment in the action, the defendant made and served a case, and the same was settled in the usual form, and thereupon,

Rousso agt. Vontrin.

moved for a new trial on motion, at a special term, held by the same judge who tried the cause, the plaintiff at the same time moved for judgment on the verdict. The motion for a new trial was denied, and judgment directed for plaintiff on the verdict.

In the bill of costs presented by plaintiff for adjustment, he claimed: before argument on a case for a new trial, $20 00; for argument of said case, $40 00. These items were properly objected to by the defendant, but were allowed by the clerk. From this allowance the defendant moved for a re-adjustment, and a disallowance of said items.

J. F. STARBUCK, *for the motion.*
M. C. LEE, *in opposition.*

JAMES, J.—The two items objected to are claimed as allowable under subdivision five of section 307 of the Code. That subdivision of the section gives to the successful party on appeal to the supreme court, except those allowed by subdivisions one, three, four and five of section 349, and by the second paragraph of section 244, $20 before argument and $40 for argument; and it allows the same sums before argument, and for argument on application for judgment on special verdict, or upon a verdict subject to the opinion of the court, *or for a new trial on a case made*, &c.

The motion for a new trial in this case was premature. At the time it was made the trial of the action was not finished; the final determination was suspended until the further order of the court, a suspension the court had authority to make (*Code,* § 264). Until the further order of the court no judgment could be entered, as it was undetermined who should have judgment. The hearing of the case reserved was part and parcel of the original trial, to which subdivision five section 307 has no application.

The permission given defendant to make a case upon which to move for a new trial, was a proceeding entirely

independent of the cause as held for further consideration, and its exercise by the defendant was probably not contemplated until after an order for judgment had been directed in the action. On a case so reserved, the judge holding it, has no power to grant a new trial, as upon a case; his duty is either to direct a judgment for the plaintiff on the verdict, to dismiss the complaint, nonsuit the plaintiff, or direct judgment for the defendant.

In ordinary practice a party does not move for a new trial on a case until defeated on the trial. Until then he cannot know that he desires a new trial. The court may possess the power to grant a party special leave to make a case, and move thereon for a new trial, before judgment ordered (*see* 41 *N. Y.*, 228). But it would seem quite unnecessary to attempt to make the permission available before the trial is finished.

Under the Code, the usual mode of reviewing the verdict of a jury upon the evidence, is by motion for a new trial on a case. It is not the mode for a reviewing questions of law. It is a proceeding distinct from an appeal, or from a motion for a new trial for error of law, although it may be pursued with either. A motion for a new trial for error of law, can only be raised by exceptions; this order is limited to a motion for a new trial on a case; and as there was no verdict, rendered by the jury, upon their consideration of the evidence, it having been directed by the court, there was nothing before the court which could be reached by a motion for a new trial on a case; if it was wrong to direct the verdict, it was error of law, and could only be reached by exception.

The court gave the defendant leave to make and have settled a case, and to move thereon for a new trial; whether or not it was the proper practice, the defendant availed himself of it, has had his day in court, without objection, and been defeated. Being no part of the case reserved for consideration, but a separate and distinct proceeding, it

Rousso agt. Vontrin.

must be treated, as to costs, as though it were an ordinary motion for a new trial on a case.

In this view the question presented is precisely that passed upon in *Scudder* agt. *Gori* (28 *How.*, 155), by the general term of the superior court of New York, and in *Stitt* agt. *Rowley* and *Selover* agt. *Wisner* (37 *How.*, 176 and 179), at a special term of this court.

Motion denied.