CHRISTINA FRANK *v.* VALENTINE BENNER.

THE SAME *v.* CHRISTOPHER BENNINGER.

Although by the laws of 1853, chap. 617, appeals are authorized to be taken to the general term of the Marine Court, with like effect as appeals in the Supreme Court, from a decision of a single judge, and upon such appeal the court, by section 330 of the Code, may reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial; yet *held*, that the reversal of judgment, with order for a new trial, does not constitute such an actual determination of the action in the Marine Court, as authorizes an appeal thereon to the Court of Common Pleas.

The case of *Williams* v. *Tradesman Fire Insurance Co.*, 1 Daly, 438, commented upon and explained.

APPEALS by the plaintiff from judgments of the general term of the Marine Court, reversing judgments entered upon reports of a referee, and ordering new trials.

The facts sufficiently appear in the opinion of the court.

*Peter Cook,* for appellant.

*Hirsh & Newcombe,* for respondents.

BY THE COURT.*—ROBINSON, J.    These are appeals from judgments of the Marine Courts.

The causes were tried before a referee, and judgments having been entered therein, appeals were taken to the general term of the Marine Court from the judgments, and having been heard upon a case and exceptions, orders were made reversing the judgments and granting new trials.    By the 5th section of the acts of 1853, chap. 617, such appeal was authorized to be taken with like effect as appeals in the Supreme Court from a decision of a single judge.

On such appeals the court, by § 330 of the Code, may reverse, affirm, or modify the judgment appealed from, and may, if necessary or proper, order a new trial.

---

* Present—Robinson, Loew and J. F. Daly, JJ.

Frank v. Benner.

Such reversal, with order for a new trial, does not however constitute such an *actual determination* of the action in the Marine Court, as authorizes under § 352 of the code an appeal thereon to this court. (*Hone* v. *Joselein*, 17 How. Pr. 338, S. C. 9 Abb.193.) *Williams* v. *Tradesman Fire Insurance Co.,* (1 Daly, 438), is not to the contrary. It simply holds, that the general term of the Marine Court has power to grant a new trial for error of law, and not on the ground that the verdict of the jury was against the weight of evidence; that after a verdict of a jury, the judge before whom the cause was tried, had no authority to entertain a motion for a new trial, on the ground that the verdict was against the weight of evidence, but had the sole duty of entering judgment upon the verdict; that the appeal only brought up questions of law, and that the general term of that court had no jurisdiction to entertain a motion for a new trial, on the ground that the verdict was contrary to the evidence. At the time of that decision, a single justice of the Marine Court had no such power, and the court at general term being only capable of entertaining questions of law, the reversal of the judgment, otherwise than on matters of law, was unauthorized. The power of a single judge of the Marine Court, to entertain the question whether the verdict was against evidence, has since been extended by the act of 1867, chap. 784, sec. 5, applying § 204 of the Code to its proceedings; but the case and exceptions on which these causes were argued and decided in the general term of that court, presented numerous exceptions, taken on the trial, involving questions of law upon which it was authorized to reverse the judgment and order a new trial. Various offers of testimony made by the defendants on the trial were objected to and excluded, and exceptions taken to such rulings, and the court below has deemed them to have been sufficiently well taken, to have ordered a reversal of the judgments and a new trial.

Over such decision this court has not at present any right of review.

The appeal should be dismissed without costs.

Ordered accordingly.