## MICHAEL BOOMER *v.* RICHARD BROWN.

In the provisions of the Code of Procedure relative to appeals from judgments of the Marine Court (§§ 351 to 371 inclusive), the term *"justice"* is used as correlative, or of equivalent meaning, with the various terms "Marine Court," "Assistant Justices' Courts of New York city," and "Justices' Courts of cities," or as synonymous with the term "the court below."

Under the provisions, therefore, of § 371 of the Code of Procedure in regard to costs, on appeal to the Common Pleas, which provide that "wherever costs are awarded to the appellant, he shall be allowed to tax, as part thereof, the costs and fees paid *to the justice* on making the appeal, as disbursements, in addition to the costs in the appellate court; and when the judgment in the suit *before the justice* was against such appellants, he shall further be allowed to tax the costs incurred by him, which he would have been entitled to recover in case the judgment below had been rendered in his favor;"—on an appeal from a judgment of the general term of the New York Marine Court, the appellant on reversal may tax as costs the fee paid to the clerk of the Marine Court for making the return, and also the costs incurred by him which he would have been entitled to recover in case the judgment in the Marine Court had been in his favor.

The case of *Ellert* v. *Kelly* (4 E. D. Smith, 12) distinguished and explained.

APPEAL from an order.

The plaintiff recovered a judgment against the defendant in the N. Y. Marine Court, which on appeal to the general term of that court was affirmed. On further appeal to this court the judgment was reversed. Upon taxation of the costs of the defendant on such reversal, the clerk allowed him, in addition to the costs of this court and the fee paid to the clerk of the Marine Court for making the return, "the costs incurred by him which he would have been entitled to recover in case the judgment below (appealed from) had been rendered in his favor," under the construction of the code that the provision in § 371, as amended in 1862, allowing such costs to the appellant on reversal, applies to appeals from the Marine Court. On appeal from such taxation to the judge at chambers, it was affirmed and this appeal was taken from that decision.

*Henry Cooper*, for appellant.

*Charles H. Woodbury*, for respondent.

By the Court.*—Robinson, J.—Appeals to this court from judgments of the Marine Court are regulated, and the only mode of reviewing such judgments is as prescribed, by chapter V of the second part of the Code of Procedure (§§ 351 to 371).

Section 352, as amended in 1857 and 1862, limited such appeal to an "actual determination" of the general term of that court. Throughout the various sections of this chapter regulating the mode of proceeding, the term, "justice" is used as correlative or of equivalent meaning with the various terms "Marine Court," "Assistant Justices' Courts" of this city, and "Justices' Courts of cities". or as synonymous with the term "the court below." Section 354, as amended in 1851, required the appellant, "at the time of serving the notice of appeal on the justice," to pay him the costs of the action included in the judgment, and two dollars costs of the return.

As amended in 1852, '57 and '58, and as it now stands, it requires that the notice of appeal must be served "on the justice personally," &c., although a further provision was made in the amendment of 1858, allowing service of the notice of appeal on the justice or on his clerk." This section also provides that on appeals from the Marine Court of this city, for the payment to the clerk of two dollars costs of the return, and on those from the District Courts for the like payment, either to the justice or his clerk (such clerk being recognized by law). The undertaking on appeal is to be "approved of by the justice of the court below" or a judge of the appellate court. For a stay of execution as provided in § 355, security is to be given as prescribed in § 356, by an undertaking "to be executed by one or more sufficient sureties, approved by the county judge (amendment of 1849) or by the court below." By § 357, the delivery of the undertaking "to the court below shall stay," &c. the issuing of execution. By § 358, "where by reason of the death of a justice of the peace or his removal from the county or any other cause, the undertaking on appeal cannot be delivered to him, it shall be filed with the clerk of the appellate court, and notice thereof given to the respondent," &c., and

* Present, Daly, Ch. J., Robinson and Loew, JJ.

" it shall thereupon have the same effect as if delivered to the justice." By § 359, when the affidavit and notice of appeal shall have been served, " the respondent may make a counter-affidavit, a copy of which shall be served on the justice," &c. Section 360 provides that "no justice of the peace shall be bound to make a return, unless the fees prescribed, &c., be paid on the service of the notice of appeal." Section 361 enacts that " when a justice of the peace, by whom a judgment appealed from was rendered, has gone out of office before a return is ordered," he shall, nevertheless, make a return in the same manner, and with like effect, as if he were still in office. Section 363 provides " that if a justice of the peace, whose judgment is appealed from, shall die, become insane, or remove from the State," the appeal is to be determined upon proof of the facts and circumstances of the trial or judgment. By § 366, " If the issue joined before the justice was an issue of law, the court shall render judgment thereon according to the law of the case."

It is further to be observed, that the appeal from the judgment of a justice of the peace, is in law not from him, but from the *court* held by him. By 2 R. S. 225, § 1 (part iii, tit. iv, art. I, of Rev. Stat.), justices of the peace are authorized to hold *a court* for the trial of all actions subsequently enumerated. So, too, by tit. iii, 2 R. S. 224, § 1, the justices of the Marine Court of the City of New York are authorized and required to hold *a court* in the said city, to be known as " The Marine Court of the City of New York" (§ 5), " with the jurisdiction and powers, to be held at the times and places, and proceed in the manner, specially provided by law."

From this collation of these several provisions of the code, it appears they make varied and indiscriminate reference to the courts subjected to their operations, and to the officers holding them; to the intangible thing styled " a court," and that which is tangible, *the justice* holding it, who, having been himself the actor in rendering the judgment, is made the person required to do the subsequent acts necessary to perfect the appeal, and there can be no doubt, but that the terms in § 371 of the code, " that when the judgment in the suit *before the justice* was

against the appellant," refer to and include such a judgment rendered by the justices of the Marine Court, as in this case, as well by any of the other courts referred to in that section, and that as a judgment of the Marine Court could only be appealed from to this court, upon "a final determination" of its general term (as this court has held in *Frank* v. *Benner*, 3 Daly, 422, in harmony with the construction put upon the terms "*actual determination*," in § 11 of the code, *Folger* v. *Fitzhugh*, 41 N. Y. 228, precluding appeals from an order granting a new trial), the judgment appealed from was within the meaning of the code, § 371, one rendered "before a justice."

The costs directed to be awarded under this section of the code, in analogy to appeals in other cases, provided for in § 330, include such as the successful appellant has been deprived of by the erroneous judgment, or, in the language of the section, "the costs incurred by him which he would have been entitled to recover, in case the judgment below (appealed from) had been rendered in his favor;" and it makes no difference, whether such costs accrued simply on the entry of the original judgment, or were by law such as ought to have been awarded him as costs in the progress of the cause, either on further hearing before the same justice, or upon appeal to his colleagues at general term. The true test is as to their being such costs as he would have recovered upon the occasion of the rendering of the erroneous "final determination" from which he appealed, in case that "judgment had been rendered in his favor."

*Ellert* v. *Kelly* (4 E. D. Smith, 12), was decided, in 1855, before the amendment to § 371 of 1862, directing that whenever the appellate court, on such reversal, awards costs to the appellant, and the judgment in the suit before the justice was against him, he shall be further allowed to tax such costs as he would have been entitled to recover had the judgment below been rendered in his favor, and cannot control the mandatory requirements of that statute. The remarks of Judge Woodruff, in that case, as to the judgment below not being a final determination of that controversy, and as to the power of the court

to give final judgment for the party prevailing on the appeal, are contrary to the subsequent rulings of this court, that it has no power to order a different judgment, but can simply affirm or reverse in whole or in part (*Frazer* v. *Child*, 4 E. D. Smith, 243 and 245, note ; *Hardy* v. *Seelye*, 1 Hilt. 90).

For these reasons, the order appealed from should be affirmed, with costs.

Order affirmed.