ROBERT MITCHELL *against* THE WESTCHESTER FIRE INSURANCE
COMPANY.

(Decided May 15th, 1876.)

Under the statutes relating to the Marine Court of the city of New York, an ap-
peal cannot be taken to this court from an order of the general term of that
court affirming an order made at special term, granting a new trial on a motion
made on the judge's minutes, unless the appellant stipulates that in case the·
order be affirmed, judgment absolute shall be rendered against him.

APPEAL by plaintiff from the Marine Court.   The facts are
stated in the opinion.

*J. J. Perry,* for appellant.

*John Fowler, Jr.,* for respondent.

ROBINSON, J.—This is an appeal from an order of the gen-
eral term of the Marine Court, affirming an order made by the
judge at special term granting a new trial on a motion made
upon his minutes to set aside a verdict.

The notice of appeal from such order of the general term
does not contain an assent on the part of the appellant, that if
the order be affirmed judgment absolute *shall* be rendered
against the appellant, as required by sec. 9 of ch. 545 of the
Laws of 1874, which was made an absolute condition of any
such appeal.

The appeal taken from this order was not upon any " case
or exceptions " made, for a review of an erroneous decision of
the judge or jury on the trial, under sec. 268 of the Code, but
upon a statement of facts as to the occurrences on the trial,
which ought of right, and is presumed to have been, a copy of
the testimony given and other matters transpiring thereon, as
contained in the judge's minutes used on the motion for a new
trial made before him, and upon which it was granted by the
judge.

In the progressive legislation as to the jurisdiction and pro-
ceedings in the Marine Court, an order of the general term
granting a new trial was not appealable to this court as an actual
determination of the controversy in that court (*Frank* v. *Ben-
ner*, 3 Daly, 422), until the act of 1874 (ch. 545, p. 731), section
9 of which, while providing for appeals from the general term
of that court in the manner prescribed in section 352 of the
Code, from such an actual determination at such general term,
within twenty days after written notice of such judgment, also
allowed an appeal to be taken in like manner from an order
granting a new trial, *provided* the notice of appeal contained
an assent on the part of the appellant that if the order be af-
firmed, judgment absolute should be rendered against the ap-
pellant. The subsequent act of 1875, ch. 479, sec. 43 (Sess.
Laws, p. 549), provided that " the appeals *authorized by law*,
from the general term of said Marine Court, shall be taken
within twenty days after written notice of the *judgment*, and
the notice of appeal and the undertaking to be given thereupon
shall be in the same form as upon an appeal from the special to
the general term of the Court of Common Pleas, and the case
upon appeal shall be printed and heard in the same manner as
appeals from the special to the general term of said court are
now conducted and heard therein."

This relieves the appellant from the necessity of specifying
the alleged grounds of error upon which the appeal is founded, as
was previously required by sec. 353 of the Code. The sec. 43 of
the act of 1875, further provides : " When the appeal is taken
from *an order* granting a new trial upon a case or exceptions, if
the appellate court determines that no error was committed in
granting the new trial, it may render judgment absolute upon
the right of the appellant," &c.

The affirmance upon appeal by the general term of the
order originally made in this action to set aside the verdict, and
for the granting of a new trial upon the judge's minutes, under
sec. 264 of the Code, was on an appeal to the general term au-
thorized by sec. 349 of the Code.

But the appeal from such an order of affirmance was not an
appeal from a *judgment*, and if regarded as an *original* order

granting a new trial, could only be effectual under the act of 1874, ch. 345, when the notice of appeal contained the assent of the appellant that if the order should be affirmed, judgment absolute should be rendered against him.

The notice of appeal in the present case does not comply with that provision.

The 43d section of the act of 1875 has only relation to appeals then " *authorized by law*," and none such was so authorized upon an appeal from an order granting a new trial, unless the notice of appeal was accompanied with ,the stipulation that if the order should be affirmed, judgment absolute should be rendered against the appellant. It also confined such right of appeal to one taken from an order granting a new trial upon a case or exceptions.

The motion for a new trial upon the judge's minutes, is a proceeding entirely distinct from such as may be made upon a case or exceptions (see Code, sec. 264, 268).

It is questionable whether the order of the general term appealed from is the order granting a new trial, within the meaning or purview of either the act of 1874 or 1875, and upon which an appeal to this court is allowed. Having been made by the judge who tried the cause, upon his minutes, the order of the general term was merely one affirming it on appeal, and it is doubtful whether or not it is an order of the general term setting aside a verdict and granting a new trial upon a case or exceptions, contemplated by either of the above mentioned statutes.

For these reasons I am of opinion this general term has no jurisdiction of the present appeal, and that it should be dismissed with $10 costs.

VAN BRUNT, J., concurred.

Appeal dismissed.