## STIERLE v. UNION RY. CO.

(Common Pleas of New York City and County, Trial Term. January 9, 1895.)

PRACTICE IN CIVIL CASES—RESETTLING ORDER—EXTENDING TIME TO APPEAL.
    A motion to resettle an order denying a motion for a new trial will not be granted after expiration of the 30 days within which an appeal might have been taken, as the effect would be to extend the time for taking the appeal, which, under Code Civ. Proc. § 784. the court or judge is not authorized to do.

Action by Xavier Stierle against the Union Railway Company. Defendant moves to resettle an order denying a motion for a new trial. Denied.

Leopold Leo, for plaintiff.
John Vernon Bouvier, Jr., for defendant.

GIEGERICH, J. Upon the 26th day of November, 1894, a verdict was rendered in favor of the plaintiff; and defendant's counsel, immediately after the rendition of the same, moved "to set aside the verdict, and for a new trial, on all the grounds mentioned in section 999 of the Code," which motion was denied. An order denying such motion was upon the same date entered, at the instance of the plaintiff's attorney. Judgment was entered on the 28th day of November, 1894. Upon the 14th day of December, 1894, the present attorneys for the defendant were substituted; and upon the 27th day of December they requested the plaintiff's attorney to "permit" the service of notice of appeal from such order, which request was refused. The following day they served a notice of appeal from the judgment only, and later, but upon the same day, the present motion papers were served. The same, in substance, allege that the order, as entered, fails to state fully the grounds of the motion, and that it therefore furnishes an unsafe basis for an appeal.

Section 784 of the Code of Civil Procedure declares a court or judge to be without authority to extend the time fixed by law within which to take an appeal, and the authorities are overwhelming that, as the legislature has seen fit to deprive the courts of this power, they should not exercise it by indirection. Humphrey v. Chamberlain, 11 N. Y. 274; Fry v. Bennett, 16 How. Pr. 385; Whitney v. Townsend, 7 Hun, 233; Lavelle v. Skelly, 24 Hun, 642; Piper v. Van Buren, 27 Hun, 384; Parsons v. Winne, 17 Wkly. Dig. 236; Durant v. Abendroth, 8 Civ. Proc. R. 87; Clapp v. Hawley, 97 N. Y. 610. That the effect, and the sole effect, of granting this motion, would be to allow an extension of time for appealing, is clear, because the 30 days allowed by section 1351 of the Code of Civil Procedure had already expired before this motion was made; and to grant it now would not only contravene the spirit and intent of the above-cited provisions of the Code, but would virtually render uncertain the time within which appeals must be taken in cases like the present, and a successful party could never rest secure upon his judgment. It might be further remarked that this decision works no hardship, because the defendant is left in no worse condition than it would now be, by

reason of its laches, had the order, as entered originally, been in the form in which this proposed resettlement seeks to place it. The fact that no dissatisfaction was expressed with the order until after the plaintiff's attorney had refused to accept service of notice of appeal from the same is also significant. Having recognized the sufficiency of the order by seeking to make it the basis of an appeal, and by retaining it so long without objection, the defendant's attorneys ought not now to be heard in complaint. For these reasons, the motion should be denied.