### LOUIS LEVIEN CUT GLASS CO. v. HINSBERGER.

(Supreme Court, Appellate Term, First Department.   December 15, 1913.)

APPEAL AND ERROR (§ 353\*)—EXTENDING TIME TO APPEAL—JURISDICTION OF COURTS.

> Under Code Civ. Proc. § 784, providing that a court or judge is not authorized to extend the time fixed by law within which to take an appeal, the City Court could not indirectly extend the time to appeal from an order denying a new trial, by resettling such order after the time to appeal had expired without making any material change in its provisions.
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1920–1922; Dec. Dig. § 353.\*]

Appeal from City Court of New York; Special Term..

Action by the Louis Levien Cut Glass Company against Louis Hinsberger.  From an order resettling an order denying defendant's motion to set aside a verdict for plaintiff and for a new trial, plaintiff appeals.  Reversed, and motion to resettle denied.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Bernard H. Arnold, of New York City, for appellant.
Walter G. Gooldy, of New York City (J. Brownson Ker, of New York City, of counsel), for respondent.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. Upon the trial the court directed a verdict for the plaintiff, awarding the plaintiff $1,356.72 on its first cause of action, and allowing the defendant $500 upon the counterclaim. The defendant moved to set aside the verdict directed, and for a new trial, under section 999 of the Code of Civil Procedure. This motion was denied, and an order duly entered thereon. A copy of this order, with notice of entry thereof, was served on the attorney for defendant on November 1, 1913. No appeal was taken from that order. On November 18, 1913, after the time of the defendant to appeal from the order had expired, the defendant moved for an order to resettle the original order entered October 31, 1913. This motion was granted, and an order entered thereon, from which the plaintiff appeals to this court.

The so-called order of resettlement did not change the provisions of the original order in any material respect. No reason for the order appears, unless it was that the defendant desired by this means to revive a right of appeal which had expired. The court has no power to extend the time to appeal beyond that which is prescribed by statute. Section 784 of the Code of Civil Procedure. The order of resettlement was an attempt to do indirectly what could not have been done directly. Stierle v. Union Railway Co., 11 Misc. Rep. 124, 31 N. Y. Supp. 1008.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.